# Duncan *v.* Ashcraft, Adm'r, Etc.

*Trial of Right of Property.*

1. *Certificate of judgment recorded in the office of probate judge must show the name of the owner.*—If a certificate of a judgment of a court of record is recorded in the office of the probate judge, the record must comply with every material requirement of the statute giving this right, Code, § 1920, in order to create and preserve a lien on the property of the defendant; and if the record fails to show the owner of the judgment no lien is created by it. (Changed by statute, February 23, 1899).

[Duncan v. Ashcraft, Adm'r, Etc.]

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. N. D. DENSON.

This suit was by C. W. Ashcraft as administrator, etc., of Merrit Street against E. P. Duncan to try the right of property. A judgment in the circuit court had been rendered in favor of Ashcraft, Adm'r, etc., against J. F. Freeman. This judgment was recorded in the office of the probate judge but the certificate of the clerk of the circuit court which went on the register did not show the name of the owner of the judgment as required by the statute. Execution issued on the judgment and was levied on a mule as the property of the defendant. Duncan claimed the mule because he had purchased it from Freeman. Execution issued on the judgment and was levied on a mule as the property of the defendant. Duncan claimed the mule because he had purchased it from Freeman. The question was whether the recorded judgment was a lien on the mule; the record having been made before the purchase by Duncan and while the mule was the property of Freeman the defendant in the judgment. The court gave the affirmative charge in favor of the plaintiff and there was verdict and judgment for him. Duncan appeals and assigns the giving of this charge as error.

T. L. BULGER, for appellant.—The certificate of the judgment fails to show the owner of it; hence the record created no lien.—Code, Sec. 1920.

KNOX, BOWIE & DICKSON, contra, contended on the point decided in the opinion that, the statute is remedial and should be liberally construed, citing Enslen, Adm'r, v. Wheeler, Adm'r; Street v. Duncan, 22 So. Rep. 523; Reynolds v. Collier, 103 Ala. 245; Willis v. Smith, 66 Tex. 31; Lunsford v. Butler, Adm'r, 102 Ala. 403; Silivan Timber Co. v. Brusagel, 111 Ala.; Alexander v. Moore, 111 Ala. 410.

DOWDELL, J.—The sole question in this case, is whether the plaintiff in the court below had a lien under his recorded judgment, and this depends upon the construction given the act of Feb. 28, 1887, as amended Feb. 26, 1889, Session Acts 1888-9, p. 60, and which is incorporated in the Code of 1896 as sections 1920-1-2-3.

Section 1 of said act reads as follows: "Be it enacted by the General Assembly of Alabama, That the plain-

[Duncan v. Ashcraft, Adm'r, Etc.]

tiff or owner of any judgment or decree rendered by any court of record for the payment of money, may file in the office of the judge of probate of any county in this State, a certificate of the clerk or register of the court, by which said judgment or decree was rendered, showing the court which rendered the same, the amount and date thereof, the amount of costs, the names of the parties and the names of the plaintiff's attorney, which certificate shall be registered by the judge of probate of such county, in a book to be kept by him for that purpose, which register shall also show the date of filing and the name of the owner of such judgment or decree, and every judgment or decree so filed and registered shall be a lien upon all the property of the defendant in such county which is subject to levy and sale under execution; and such lien shall continue for ten (10) years from the date of such registration. The registration of such judgment or decree shall be notice to all persons of the existence of such liens."

The only difference between the act as above set forth, and as codified in sections 1920-1 of the Code, consists in punctuation. Where in the act after the words, "in a book to be kept by him for that purpose," there is a comma, in the Code, section 1920, there is a period. This change is only material in that it supports, as we think, the views hereinafter expressed, as the legislative intent of the materiality and importance of the next succeeding sentence in the section—"The register shall show also the date of the filing and the name of the owner of the judgment or decree."

The plaintiff in this case procured a proper certificate from the clerk of the court in which the judgment was rendered, and filed the same in the office of the probate judge of Clay county, and was registered by said judge in a book kept by him for that purpose; which register showed the date of the filing, but failed to show the name of the owner of the judgment.

While there have been other appeals brought to this court relating to this statute, this is the first time, the question raised in this record, has been directly presented for consideration and decision.

The following general propositions, and which are well settled rules of construction, we take as our guide

in dealing with the question before us. Those statutes which are in derogation of the common law, and such as create rights in their nature extraordinary, are to be strictly construed; a substantial compliance in every essential particular is required, before the benefits conferred by such statutes can be obtained or enjoyed. An omission of any material or particular requirement contained in the provisions of the statute, in an attempt to secure the benefit or right conferred by the statute, cannot be deemed a substantial compliance.

That said act creates an extraordinary right, it seems to us, cannot be doubted. Without the consent of the judgment debtor, a lien is created upon all his property, subject to levy and sale under execution within the county in which the judgment is filed and registered— an incumbrance, not only upon such property as the judgment debtor may then own and possess, subject to levy and sale, but also of all property subject to levy and sale which may come into his ownership and possession at any time within a period of ten years within the county of the registry of such judgment—a lien, a right, not created by the contract of the parties, nor by operation of the common law, but purely and simply by statutory enactment; giving to the owner of such judgment a security for the payment of the judgment debt, tantamount to a mortgage upon all of the property of the judgment debtor within the county of the registry subject to levy and sale, and leaving it entirely to the pleasure and option of the judgment creditor, or owner of the judgment, to foreclose the same, by the issuance of an execution, or by a bill in equity, at any time within a period of ten years.

In the case of *Enslen, Admx. v. Wheeler, Admr.*, 98 Ala. 200, it is true that this court does say that this statute is remedial and should be liberally construed, but in the next sentence following this enunciation the court further says: "We hold that it applies to all judgments in force at the time of its adoption, as well as those subsequently recovered." From this latter sentence, as well as from the facts of that case, it is evident that when the court speaks of the statute as remedial and to be liberally construed, its attention was only called and directed to the question as to what judgments

or decrees come within its provisions, and not as to *how* they should be brought within its privileges. The statute is remedial only in the fact that it contains a remedy by the issuance of an execution for the enforcement of the extraordinary right it creates. In this conclusion we feel warranted and sustained by the later decision of this court in the case of *Sorrell v. Vance & Kirby,* 102 Ala. 207. The construction given by the court to this act in that decision, on page 212, is in the line of a strict construction, and not in consonance with the expression in *Enslen v. Wheeler, supra,* where it is said that the statute is remedial and to be liberally construed.

It is held in *Sorrell v. Vance & Kirby, supra,* that notwithstanding the certificate of the clerk may in all things conform to the requirements of the statute and be filed in the office of the probate judge of the county—all, we may say, that the owner of the judgment can do—still such judgment does not become a lien until it shall have been registered by the probate judge.

In order to create a lien, the act provides among other things, as follows: "Which certificate shall be registered by the judge of probate of such county, in a book to be kept by him for that purpose, which register shall also show the date of filing *and the name of the owner of such judgment or decree,* and every judgment or decree so *filed* and *registered* shall be a lien upon all of the property of the defendant in such county which is subject to levy and sale under execution." (The italics in the above quotation from the statute are ours.) Can it be said that the requirement of the statute, that the register shall show the name of the owner of such judgment or decree, is unessential? We think not. On the contrary, it is not only essential but also a reasonable requirement; and that the legislature so intended it is shown by section 3 of said act which provides that the law relating to the entry of credits and satisfaction of mortgage shall apply to the entry of credits and satisfaction of liens created by this act. It is true that this court decided in *Rice v. Westcott,* 108 Ala. 353, that section 3 of said act was unconstitutional as being offensive to section 2 of article IV of our constitution which provides that, "each law shall contain but one subject," etc.,

but this in no way impairs the reasoning as to how the legislature regarded or intended the provision requiring that such register should show the name of the owner of the judgment when they embodied the same in the act. This section of the act which was declared unconstitutional in *Rice v. Westcott, supra,* has since been re-enacted by the adoption of the Code and forms section 1923 thereof. It was evidently the object and purpose of the legislature in incorporating this requirement in the statute that the register, upon inspection, should give information, not only to the judgment debtor, but also to his other creditors, of the ownership of such judgment in the event any of them should desire to avail themselves of the law as to the entry of satisfaction or credits by the owner of such judgment. Upon the failure of the register of such judgment to give the name of the owner of the judgment, as required in the statute, it will not do to say that the name of the owner may be supplied by inference from the certificate of the clerk wherein the name of the parties to the suit are required to be stated. Such an inference is as open to error as to truth. While the statement of the name of the parties in the certificate, as required by the statute, would show the name of the plaintiff, it would by no means follow that he was the owner of the judgment at the time of its record. Both requirements in the creation of the lien are expressly provided for in the statute, and to hold that the subsequent requirement, i. e., that "the register *shall also show the name of the owner of the judgment,"* could be dispensed with by reference to the certificate, would be contrary to the common rule of construction of statutes and to charge the legislature with a work of supererogation in the latter requirement. The very language and phraseology of the statute shows that the provision as to what the register should show was additional to the preceding requirements in the statute, as to what the clerk's certificate should contain, for the language is, "which register shall also show the date of the filing and the name of the owner of such judgment or decree." It has already required that the certificate of the clerk should contain a statement of the names of the parties to the suit, which of course would show the name of the plaintiff.

[Duncan v. Ashcraft, Adm'r, Etc.]

It is also plain to our mind that the language of the act, wherein it provides that the certificate of the clerk shall be registered in a book kept for that purpose by the probate judge, can be interpreted to mean nothing less than that it shall be *recorded* in a book kept for that purpose by the probate judge. The record (or register) of the certificate would necessarily show the name of the plaintiff, but the statute says in plain and unambiguous terms, that "the record (or register) shall *also* show the name of the owner of such judgment or decree."

Suppose the judgment should be transferred and assigned by the plaintiff before any filing and record of the same in the probate office under the statute, and then the certificate should be obtained from the clerk, showing the name of the parties as required by the act, and such certificate, in all other respects conforming to the requirements of the act, should be taken and filed in the office of the probate judge, and the registry thereof should fail to show the name of the assignee or owner, could it for a moment be contended that such a judgment would be a lien? Certainly the plaintiff, who is not the owner, could have no lien. The lien is incident to, or inheres in, the judgment, when the requirements of the statute are complied with. Without the judgment there would be no lien. The ownership of the judgment and of the lien must be the same. The owner of the judgment could have no lien, for the register of the judgment would fail to show the name of the owner at the time of the attempted creation of the lien. The plaintiff in the judgment could have no lien, because he has no interest in the judgment. In such case, an inference drawn from the certificate of the clerk, that the plaintiff was the owner of the judgment, would be untrue. The statement of this very proposition shows the importance of the requirement of the statute, and it would be unreasonable to say that it was a requirement to be conformed to in cases where judgments have been assigned before record, and to be dispensed with or ignored if there has been no assignment or transfer of the judgment. If, in the absence of a statement in the register of the name of the owner of the judgment, the omission should be supplied by reference to the certificate of the clerk, the ownership of the judgment by the party filing

the certificate being essential to the creation of the lien, the result would be that upon the filing and registry of the certificate a lien would be created where there has been no assignment of the judgment, and no lien where there has been an assignment of the judgment. Such a construction of the statute, we think, would be unauthorized and unreasonable. It is an important requirement, then, under the rule of construction of statutes as above laid down, it is essential to the creation of the lien.

In *Reynolds v. Collier*, 103 Ala. 245, on page 247 this court says: "The register did not show the name of the owner of the judgment except as would be inferred from the certificate of the clerk." It will be noted, however, that this statement is made by the court in a summarizing of the facts in that case, and was not intended, as we understand the case, as a decision by the court that the name of the owner of the judgment could be inferred from the certificate of the clerk; for, on the next page (248), it is expressly said by the court, "The only question in the case we need to consider is whether the filing and registration of the certificate of the clerk in the probate court, before the claimant purchased the mules, was notice to him of the waiver of exemptions as to personal property, as shown in the body of such judgment;" thus making it clear that the court did not intend by the mere statement above quoted to decide that the name of the owner of the judgment could be inferred from the certificate of the clerk, or that such would be a sufficient compliance with the requirement of the statute.

In reference to statute giving liens to mechanics, this court used the following language: "The creation and continuance of the lien given by the statute to mechanics, contractors, employés, and material-men, as the parties are designated, depends upon a compliance with the requisition of the statute. A strict literal compliance is not exacted, but a compliance with all matters of substance."—*Chandler v. Hanna*, 73 Ala. 393.

Upon the statute giving a lien for advances to make a crop, the following language was used by this court: "The statute, Code 1876, section 3286, introduces a new right, and confers a new remedy of the class called extraordinary. Such statutes are strictly construed, and

to obtain the benefit of their provisions, the case made must meet all the substantial requirements."—*Schuessler v. Gaines*, 68 Ala. 556.

To the effect of giving a strict construction to this same statute the following authorities are in line : *Dawson v. Higgins*, 50 Ala. 49; *R. & T. McLester v. Somerville & McEachin*, 54 Ala. 670 ; *Tison & Gordon v. Peoples Saving Association*, 57 Ala. 323 ; *Evans v. English*, 61 Ala. 416.

These statutes to which a strict construction has been applied by this court, are kindred statutes to the one we have under consideration. There is, however, this difference, in the two former, the *right*, the *lien given* must rest upon a contract entered into by the parties, while in the latter, the judgment creditor can without assent of the debtor enlarge his judgment into a security tantamount to a mortgage upon all the property of the judgment debtor subject to levy and sale, and if the judgment be for a tort, everything the defendant has within the county of the register is covered with the lien.

This statute has been recently amended by an act of the legislature, approved Feb. 23, 1899, by striking out the clause which we have been considering, as to the register showing the name of the owner of the judgment. This is additional evidence as to how the legislature considered the provision in the statute. If it had been immaterial and unimportant matter in nowise affecting the creation of the lien, it is hardly possible that the legislature would have deemed it necessary to eliminate it by amendment.

Entertaining these views, we think the court erred in giving the affirmative charge asked by plaintiff and refusing the same charge requested by claimant. The judgment of the circuit court is reversed and the cause remanded.