# Travis *v.* Rhodes.

## *Action for Statutory Penalty for not entering Partial Payment on Recorded Judgment.*

1. *Penalty for failing to enter partial payment on record of recorded judgment; liability of assignee of judgment previously recorded by assignor.*—The assignee of a judgment, which had been recorded by the assignor in the office of the judge of probate, before the assignment, is liable for the statutory penalty provided by sections 1065 and 1923 of the Code for failing within thirty days to enter partial payments made him on the margin of the record of the judgment, after being requested so to do.

2. *Same; sufficiency of complaint.*—Where the certificate of a judgment was filed in the probate office prior to the act of February, 1899, amending sections 1065 and 1066 of the Code, the complaint, in an action to recover statutory penalty for failing to enter partial payments on record, should aver that the certificate filed contained the name of the owner of the judgment.

APPEAL from Circuit Court of Butler. Tried before the Hon. J. C. RICHARDSON.

This is an action brought by the appellant, Mark A. Travis, against the appellee, D. H. Rhodes, to recover the statutory penalty of two hundred dollars, under sections 1065 and 1923 of the Code, for failure to enter on the margin of the record of a registered judgment the partial payments which had been made on such judgment. Geo. M. Leigh obtained a judgment in the circuit court of Conecuh county against appellant on October 10, 1890, a certificate of which was recorded in the office of the judge of probate of said county on October 23, 1893. Said judgment was transferred to appellee on February 24, 1899. After said transfer appellant made payments on said judgment to appellee, and on July 25, 1901, requested the appellee to enter the dates and amounts of such partial payments, on the margin of the registration of said judgment. Appellee failed for thirty days after said request to comply therewith, and thereupon appellant brought this suit. The amended complaint is as follows: "The plaintiff clams of defendant two hundred dollars as damages for this, whereas: heretofore, to-wit, one George M. Leigh, did, on the 10th day of October, 1890, recover a judgment against the plaintiff in this suit, in the circuit court of Conecuh county, Alabama, for the sum of $163 and costs of suit, to-wit, $7.30; and the said George M. Leigh, owner of said judgment, had S. S. Witherington, clerk of said circuit court of Conecuh county, on the 8th day of August, 1893, to issue a certificate of said judgment, and had the same filed for record in the office of the judge of probate of said county of Conecuh, on the 23d day of October, 1893, which certificate of said circuit clerk showed the style of the court which rendered said judgment, the amount and date thereof, the amount of the costs, the naming of the parties, and the name of plaintiff's attorneys, and the plaintiff avers that said certificate of the said circuit clerk was, on the 23d day of October, 1893, registered by the probate judge of said county of Conecuh in Book 1, on page 58 of Judgments and Decrees, the book kept

by said probate judge for that purpose, and that on the 24th day of February, 1899, said judgment was regularly transferred to the defendant, and plaintiff avers that since said judgment was transferred to defendant he has received many partial payments on the same, to-wit; thirty-one dollars on the 2d day of May, 1899, and seventy dollars on December 31, 1900. That on the 25th day of July, 1901, the plaintiff requested of defendant, the transferee of said judgment, in writing to enter on the margin of the registration of said judgment, the dates and amounts of all such partial payments, and the source from which the same had been received, and the plaintiff avers that the defendant failed for thirty days after he received said request to enter all or any partial payment or payments of any kind on the margin of the record of said judgment, and that by reason of such failure and omission, the defendant has forfeited to the plaintiff the sum of two hundred dollars, wherefore he brings this suit." Plaintiff demurred to the amended complaint as follows: . (1.) Because said complaint contains no cause of action; (2) Because said complaint fails to aver that the defendant ever caused the judgment named in said complaint or a certificate thereof to be registered in the office of the judge of probate of Conecuh county; (3) Because said complaint fails to aver that after the defendant became the owner of the judgment named therein, he had the same or a certificate of the same registered in the office of the judge of probate of Conecuh county, Alabama. (4.) Because the statutes under which this suit was brought authorizing the recovery of the penalty for failure to enter partial payments upon the margin of the record after demand in writing, are unconstitutional and void. (5). Said complaint fails to allege any facts showing that the defendant ever acquired any lien by reason of the registration of the judgment therein described in the office of the judge of probate of Conecuh county, Alabama. (6). Said complaint fails to allege that the certificate of judgment therein described contained the name of the owner of said judgment, and that the register of the

same contained the name of the owner thereof. (7). Said complaint fails to allege that the name of the owner of the judgment therein described was set out or contained in the registration of the certificate thereof in the office of the judge of probate of Conecuh county, Alabama, at the time the same was registered. (8). Said complaint fails to allege that defendant was requested in writing to enter on the margin of the record of the certificate of said judgment therein named in the office of the judge of probate of Conecuh county, Alabama, the dates and amounts of the partial payments named therein, and the source from which the same had been received. (9). Said complaint shows on its face that the defendant never had any certificate of the judgment therein named recorded in the office of probate · judge of Conecuh county. (10). Said complaint shows on its face that the registration of the certificate of judgment therein named by George M. Leigh in the office of the judge of probate of Conecuh county was void in this: that the name of the owner of the judgment did not constitute a part of said registration. (11). Said complaint fails to aver that the certificate of judgment therein named was ever transferred to defendant. (12). Said complaint fails to aver that the lien acquired by reason of the registration of the certificate of judgment therein named was ever transferred to defendant." The court sustained the demurrers. On account of the ruling of the court in sustaining said demurrers, the plaintiff declined to plead further and judgment was rendered for the defendant. The plaintiff appeals and assigns the rendition of such judgment and the ruling on the defendant's demurrers as error.

J. F. JONES and LANE & CRENSHAW, for appellant. The transferee of a judgment is within the operation of Sections 1923 and 1065, requiring that entry be made of partial payments, on record, when demanded.—*Duncan ι. Ashcraft,* 121 Ala. 552.

The registration of the judgment need not be such as to create a lien, in order to render owner of judgment

[Travis v. Rhodes.]

liable for failure to enter partial payments. The object of the statute is not only to relieve the debtor's property from lien, but to enable him to restore his credit.—*Livingston v. Cudd,* 121 Ala. 316; *Gay v. Rogers,* 109 Ala. 109.

POWELL & HAMILTON and W. C. CRUMPTON, *contra.* Statute is penal and must be strictly construed.—*Groom v. Hannon,* 59 Ala. 510. Unless the statute enjoins upon the appellee the duty of entering the credits he is not liable.—*Grooms v. Hannon, supra.*

Plaintiff must aver in his complaint facts showing a valid registration of the judgment. Complaint does not show that the name of the owner of the judgment was set out either in the certificate of the judgment or the registration of the same. Before the act of February 23, 1899, this was absolutely necessary.—*Duncan v. Ashcraft,* 121 Ala. 552.

The owner who registered the judgment, and not his subsequent assignee, is the person against whom the penalty is aimed.—*Duncan v. Ashcraft, supra.*

ANDERSON, J.—This was an action for the statutory penalty for failing to enter partial payment on the record of a recorded judgment, brought by the plaintiff against the assignee of the judgment, and to whom it was assigned after the filing of the certificate.

The 2d. 3d and 9th grounds of the demurrer, raise the question, that the action will lie only against the owner of the judgment who files it for record, and not an assignee who acquires it after registration and who himself never filed it at all.

Section 1920, Code 1896, provides, "That the owner of any judgment or decree may file in the office of the judge of probate a certificate of the clerk or register." Said section provides that only the owner can file it, and the defendant's contention is, that as it was filed by the then owner, that the plaintiff has no cause of action against the assignee who did not file it and was not the owner when it was filed.

13c

Section 1923, Code of 1896, says "Sections 1065 and 1066 of this Code are applicable to registered judgments and decrees." Section 1065 says, "A mortgagee, or the assignee or transferee of a debt secured by mortgage, who has received partial payment, if the mortgage is of record, must, on the request in writing of the mortgagor, or of a judgment creditor, or other creditor of the mortgagor having a lien or claim on the property mortgaged, or of a purchaser from the mortgagor, enter on the margin of the record of the mortgage the date and amount of such partial payment or payments," etc.

It will be observed that under this section the right is given to sue the assignee for the penalty, and we do not think that the law contemplated the action against an assignee only, to whom the debt was assigned before the recordation of the certificate or who in fact filed it, or that in order for one to be liable he must have refiled the certificate after he became the assignee. And as § 1923 makes said section 1065 applicable to judgments and decrees, the action will lie against the assignee of a judgment, although it had been previously filed by the original owner. The demurrers upon this ground were not well taken.

The 5th, 6th, 7th, 10th and 12th grounds of demurrer, raise the issue, that the complaint failed to aver that the certificate filed contained the name of the owner of the judgment and was therefore void as a lien, under the former ruling of this court. The law only relates as to the satisfaction of the record of the certificate and not to the judgment. The recordation of the proper certificate is what creates the lien, and when the certificate filed does not create a lien, then the defendant in the judgment cannot complain of a failure to satisfy or enter partial payments on the record of what purports to be, but what is not a lien. This court held in *Duncan v. Ashcraft,* 121 Ala. 552, that the omission of the name of the owner from the certificate rendered it insufficient to create a lien, and we think in this case, that the complaint should aver facts sufficient to show that a lien existed in order to show a cause of action, as it appears

that the certificate was filed prior to the amendatory act of February, 1899.—Acts 1888-89, p. 60. The demurrer upon this ground was properly sustained. The 11th ground was bad. The law does not require the transfer of a certificate in order to transfer a judgment. Grounds 1 and 4 were bad, as they were general and assigned no grounds of demurrer. The 8th ground is because the complaint failed to aver that the request to enter the payments was made in writing. The complaint shows just what the demurrer avers it does not and the demurrer was bad.

Affirmed.

McCLELLAN, C.J., TYSON and SIMPSON, J.J., concurring.