# Edinburgh American Land Mtg. Co., Ltd., *v.* Grant.

*Bill to Subject Lands to Satisfaction of Judgment Lien.*

(Decided July 2, 1907. 44 South. 554.)

*Judgment; Registration; Lien.*—The filing of the certificate of the clerk of the fact of a judgment in the office of the judge of probate does not create a lien under the statute; nor does the recroding of an abstract or tabulated statement of the certificate of the clerk in the probate office constitute a lien. To constitute a lien under sections 1920 and 1921, Code 1896, the certificate of the clerk must contain the necessary statutory requisites, and the recordation must follow the certificates.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by William Grant to enforce the lien of a judgment upon certain lands filed against the Edinburgh American Land Mortgage Company, and the judgment debtor. The Mortgage Company filed a cross bill assert-

ing a superior lien under the mortgage. The chancellor dismissed the cross-bill and declined to dismiss the original bill. Affirmed in part, and reversed and rendered in part.

The averments of the bill are that on the 26th day of September, 1893, A. Lawson recovered a judgment in the circuit court of Marengo county for the sum of $352.70 and $9.65 costs, which is still due and unpaid; that on June 23, 1894, the said Lawson caused to be filed and registered a certificate of the said judgment in the office of the probate judge of Marengo county, and which said judgment was registered by him in a book for that purpose; that on the——day of September, 1901, said Lawson for a valuable consideration assigned, transferred, and set over to orator the judgment and the lien thereto. It is averred that the defendants each own or claim some interest or title to certain lands in the county belonging to P. N. Askew. but that that claim or title is subordinate to the lien of the recorded judgment, and the prayer is that the lands be subjected to the satisfaction of the lien. The Edinburg American Land Mortgage Company filed a cross-bill, setting up their claim, which was a mortgage on the land, and asserting its priority over the lien. The cross-bill also prays for a correction of a mistake in the mortgage and for a confirmation of the foreclosure sale thereunder. The certificate of judgment is sufficiently described in the opinion. The chancellor declined to dismiss the bill for want of equity, but on motion dismissed the cross-bill, from both of which orders this appeal is prosecuted.

HUGH NELSON, and PETTUS, JEFFRIES & PETTUS, for appellant.—The certificate of judgment was not recorded so as to make it a lien under the statute.—*Greenwood v. Trigg-Dobbs & Co.*, 143 Ala. 617. In fact the certificate

of judgment never was recorded.—*Enslen v. Wheeler,* 98 Ala. 200; *Duncan v. Ashcraft,* 121 Ala. 552; *Travis v. Rhodes,* 37 South. 804.

WILLIAM CUNNINGHAM, for appellee.—Appellant cannot complain of the action of the chancery court in granting relief under the original bill. Its rights are based on the mortgage, and unless that be reformed, it has no rights in this cause and cannot complain of error. —*Morgan v. Cobb,* 3 Porter 470; *Bumpas v. Webb,* 4 Porter 65; *Booker v. Callihan,* 5 Ala. 708; *Walker v. Jones,* 23 Ala. 448; *Hagadon v. Campbell,* 24 Ala. 375; *Magruder v. Campbell,* 40 Ala. 611; *Millsap v. Stanley,* 50 Ala. 320; *Powell v. Sturdivant,* 85 Ala. 243; *McGee v. Lehman-Durr & Co.,* 65 Ala. 31; *Eslava v. Farley,* 72 Ala. 214; *Kimbrell v. Rogers,* 90 Ala. 346; *Bedell v. N. E. Mtg. Scy. Co.,* 91 Ala. 325; *B. L. and A. Co. v. Bank,* 100 Ala. 249; *Rudulph v. Brwer,* 96 Ala. 289; *Hays v. Kolsky,* 104 Ala. 418; *McCutchins v. Loggins,* 109 Ala. 457; *Woodruff v. Smith,* 127 Ala. 65; *Woodruff v. Smith,* 132 Ala. 81; *Killian v. Cox,* 132 Ala. 664; *Beachman v. A. S. P. Mfg. Co.,* 110 Ala. 555.

HARALSON, J.—Section 1920 of the Code of 1896 requires the certificate by the clerk of a judgment to show the style of the court rendering the judgment, the amount and date thereof, the amount of costs, the names of the parties and the names of the plaintiff's attorney, which certificate shall be registered (recorded) by the judge of probate in a book kept by him for that purpose, which register (book) shall show also the date of the filing and the name of the owner of the judgment.

Section 1921 of the Code of 1896 provides that every judgment or decree when filed and registered (recorded) as provided in the preceding section (1920) shall be a

[Taylor v. Newton, et al.]

lien upon all the property of defendant in judgment, etc.

It appears by the record in this case that the certificate of the clerk which was filed with the probate judge was in proper form, and contained all that the statute requires, but this certificate was not registered (recorded) by the probate judge in the manner required by the statute. All that appears upon the book of registration is simply an abstract or tabulated statement.

It has been uniformly held that the filing of the certificate of the clerk in the office of the probate judge will not suffice, but that it must be recorded in order to effectuate the purposes of the statute.—*Duncan v. Ashcraft,* 121 Ala. 552, 25 South. 735; *Sorrell v. Vance,* 102 Ala. 207, 14 South. 738.

The original bill having for its purpose the enforcement of a registered judgment lien, and no such lien being it shown must be dismissed.

It follows that the decree appealed from must be reversed and one will be here rendered dismissing the original bill. The decree dismissing the cross-bill will be affirmed, but modified so as to make the dismissing without prejudice.

Reversed, rendered and affirmed in part.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.