**SAN ANTONIO LOAN & TRUST CO. et al. v. DAVIS et al. (No. 6619.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 16, 1921.)

1. Judgment ⬅➡752—Lien attaches only where requirements of statute have been complied with.

Judgment liens, being statutory and in derogation of the common law, attach only where the requirements of the statute have been, at least substantially, complied with.

2. Judgment ⬅➡768(1)—Abstract held insufficient to create lien for failure to state names of parties and to give lower court's docket number.

Where judgment appealed from was reversed and a judgment rendered by the Court of Civil Appeals, abstract of judgment, omitting the names of some of the parties to the action, and describing the action by the appellate court's file number, without further stating that judgment rendered by the appellate court was made the judgment of the lower court, and without giving lower court's file number of action, held insufficient to create a lien, under Rev. St. 1911, art. 5612, requiring abstract to show the names of the parties and to give "the number of the suit in which the judgment was rendered"; such statute having reference to the docket number of lower court after the mandate has been filed, and not that of the appellate court.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. **Appeal and error ☞1207(1)—Entry of appellate court's judgment in minutes of lower court not essential to its validity.**

Where judgment appealed from is reversed and a judgment is rendered by the Court of Civil Appeals, the proper practice is for the trial court to have the judgment so rendered entered of record in its minutes, but failure to so do does not affect validity of the judgment, the only requirement under Rev. St. 1911, art. 1646, being the filing of the mandate by the clerk of the lower court.

4. **Judgment ☞768(1) — Validity of abstract not affected by describing the Court of Civil Appeals of the Fourth Supreme Judicial District as being of the Fourth Judicial District.**

Recital in abstract of judgment that the judgment was rendered by the "Court of Civil Appeals of the 4th Judicial District of Texas," instead of properly naming the court as that "of the Fourth Supreme Judicial District," would not of itself have affected the validity of the abstract.

5. **Judgment ☞769 — Index held insufficient.**

Where judgment index did not show the name of each defendant in the judgment and the number and page upon which the abstract was recorded, as required by Rev. St. 1911, art. 5615, the lien did not attach, proper indexing being an essential requirement to fix the validity thereof.

6. **Judgment ☞285—Names of parties should be cross-indexed.**

Judgment index should be cross-indexed with the names of the parties.

7. **Judgment ☞769—Index listing names out of alphabetic order held insufficient.**

Where judgment creditors' names, beginning with letter "M," were indexed on page of judgment index provided for the letter "Z" under notation on top of page "from L," and where there were other names thereon beginning with the letters "L" and "S," the index was insufficient (Rev. St. 1911, art. 5615), to give judgment creditors a lien.

8. **Judgment ☞772 — Lien attaches when debtor resumes possession after abstract of judgment has been filed during possession of receiver.**

The filing of an abstract of judgment at the time when the property of the debtor is in the hands of a receiver did not interfere with the court's possession of the property, but is effectual to create a lien to take effect immediately upon the resumption of the debtor's possession or right of possession.

9. **Receivers ☞78—Court may preserve priority of lien in decree discharging receiver.**

In receivership proceeding, the court was not required to order foreclosure of the lien on land in hands of receiver merely to preserve the priority of the lien against an inferior lien after redelivery of property to owner and discharge of receiver, but could preserve priority of the lien in its decree discharging receiver.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by the San Antonio Loan & Trust Company and others against John H. Davis, Joseph C. Martin, and Minnie B. Martin and others, in which the two last-named defendants filed a cross-action. From that portion of the judgment holding a lien asserted by the two last-named defendants in their cross-action superior to that claimed by plaintiffs, the plaintiffs appeal. Reversed and rendered in part and affirmed in part.

Denman, Franklin & McGown and Frank S. Huson, all of San Antonio, for appellants. T. C. Mann, of Laredo, for appellees.

COBBS, J. As appellee accepts the statement of the case, as made by appellants, except as to the index of the abstract, we will copy here only that part of the statement accepted, and set out hereafter the facts in respect to the indexing as they become material in discussing that feature of the case:

The San Antonio Loan & Trust Company, Albert Urbahn, and Floyd McGown brought this suit to foreclose a contract, a lien upon the property in controversy, against John H. Davis and the other defendants. * * * The Martins, appellees, filed a cross-action to foreclose a statutory lien upon the property in controversy against all the parties to the suit, contending that this statutory lien is superior to the contract lien of appellants. To support their contention the Martins pleaded and sought to prove that the abstract of their judgment against Davis had been issued, filed, recorded, and indexed as required by the statutes to create a lien upon the property in controversy. The plaintiffs pleaded the invalidity of the Martins' lien. The trial court, sustaining the Martins' contention, rendered judgment for them and directed payment of their judgment against Davis out of the proceeds from the sale of the properties in controversy prior to the payment of the contract lien of appellants. From this part of the judgment only appellants appeal. * * *

The instrument relied upon by the Martins, purporting to be an abstract of judgment, and admitted in evidence as such over appellants' objections, is in the following words and figures:

"The State of Texas, County of Webb.

"I, C. M. de la Garza, clerk of the District Court of Webb County, Texas, do hereby certify that in the Court of Civil Appeals of the 4th Judicial District of Texas, in a certain suit pending in said Court, wherein Rebecca C. Markley is plaintiff and Joseph C. Martin et al. are defendants, No. 6064, the said defendants, Joseph C. Martin and Minnie B. Martin, recovered judgment against said defendant John H. Davis on the 21st day of June, 1918, for the sum of Three Thousand, Seven hundred and fifty ($3,750.00) Dollars, with interest on said amount from the 21st day of September, 1915, at the rate of six per cent. per annum, and $111.55 costs of suit. Said

judgment is of record in Volume 13, page 107, Records of the District Court of Webb County, Texas. Said judgment is entitled to the following credits, to-wit: None. There is now still due on said judgment $3750.00, with interest on said amount from the 21st day of September, 1915, at the rate of six per cent per annum and $111.55 costs of suit.

"Given under my hand and seal of office, at Laredo, Texas, this 6th day of June, 1919. C. M. de la Garza, Clerk District Court ―― County, Texas, by ――――, Deputy. [Seal of the District Court of Webb County, Texas.]"

The purported "record" of the above instrument, relied on by the Martins to establish their lien, and admitted in evidence as a record thereof, over the objections of appellants, is in words and figures and in form as follows:

"The State of Texas, County of Webb.

"In the ―― Court of Civil Appeals County 259 Fourth Judicial District of Texas, ―― Term, A. D. 189―"

(b) Not certified to by the clerk of the court wherein it was rendered. (c) Purports to be an abstract of a judgment of the "Court of Civil Appeals of the 4th Judicial District of Texas," when there is no such court. (d) Because it does not state names of plaintiff and defendants and the number of suit in the district court, the court in which judgment was rendered. (e) The record of the instrument offered is not sufficient to create a lien and inadmissible in evidence because it only contains extracts from the abstract of judgment, and not a copy of the abstract; not an actual record of the abstract, nor is it transcribed or copied into said record; nor properly recorded by the county clerk, and not prepared and properly authenticated as required by law; because the information contained in the purported record is at variance with the instrument it purports to be a

| Names of Plaintiffs and Defendants in Judgment. | In What Court Rendered. |
|---|---|
| in a certain suit pending in said Court, wherein Rebecca C. Markley is<br>Plaintiffs in Judgment<br>No. 6064        vs.<br>and Joseph C. Martin et al. are defendants. The said defendants Joseph C. Martin and Minnie B. Martin recovered judgment against said defendant John H. Davis.<br>Defendants in Judgment | In the Court of Civil Appeals, 4th Judicial District of Texas. |

| Date of Filing and Record | | | | Date of Judgment | | | Amount of Judgment |
|---|---|---|---|---|---|---|---|
| Month<br>June | Day<br>6 | Year<br>1919 | Hour<br>3:50 P.M. | Month<br>June | Day<br>21 | Year<br>1918 | $3750.00 |

| Amount of Costs | Rate of Interest | Amount of Credits | Amount Due |
|---|---|---|---|
| 111.55 | 6%<br>per annum | None | $3,750.00 with interest at the rate of 6 per cent. per annum and $111.55 costs of suit. |

It is further shown in appellants' statement, agreed to the full recitals of the judgment hereinafter set out.

Appellants filed six assignments of error, and therein in various forms attacked the judgment of the court in rendering judgment establishing a lien on the land in controversy in favor of appellees by reason of the instrument, its record and indexing, and directing the payment of same out of the proceeds of the sale of the land prior to the contract lien of appellants.

The points presented in the assignments, and contended for in the propositions, sufficiently present the claimed errors in the several rulings of the court and the disposition of the case, which will be considered, though appellee vigorously contends they should not be considered by us, on the alleged ground that it has not been properly briefed in accordance with the rules of the court made and provided in such cases.

The points presented for determination are: (a) That the purported abstract of judgment is not sufficient in law to create a lien.

record of, for it recites a judgment dated June 21, 1918, with interest from the 21st day of September, 1915, at 6 per cent. per annum, while the record of same recites amount due $3,750, with interest at 6 per cent. per annum and $111.55 costs of suit, omitting date from which interest runs, thereby rendering the record insufficient to show true amount for which the judgment was rendered and the true amount due thereon. (f) The index to the judgment record is insufficient to create a lien and improperly admitted because: (a) Not alphabetically arranged; (b) does not show names of each defendant set opposite name of plaintiff, nor name of plaintiff opposite name of defendant, nor names of each cross-defendant opposite name of each cross-plaintiff, nor names of each cross-plaintiff opposite names of each cross-defendant; does not set out volume of the judgment record in which the abstract is recorded. (g) The filing of the purported abstract by the Martins did not create a lien on the property of John H. Davis prior to appellants' lien, because filed while prop-

erty in controversy was in hands of a receiver, for which reasons it was void and created no lien on the property in custody of the court.

[1] In statutory liens against the estate of the debtor, which is the creature of the law, and as such is against the will of the party, as well as in derogation of the common law, to secure the benefits of such statutes, it is incumbent upon the creditor to comply substantially, if not strictly, with its every provision and its every requirement. If there be a material failure or omission or departure from the substantial provisions of the statute in the effort to secure the benefits of this extraordinary remedy, by filing an abstract as the law prescribes to. create a lien against the consent of the debtor, a court of equity would be powerless to enforce, unless all the requirements were shown satisfactorily. The questions of law applicable to such controversies is well settled, and any extended argument on the legal phase of the question would be, unnecessary, merely extending the length of this opinion.

Bearing in mind that the first step required to fix the lien the statute (article 5611, Rev. St. 1911) provides that the clerk of the court in which a judgment is rendered is required when application is made to him to deliver an abstract thereof certified to under his hand and official seal.

To get a clear understanding of appellants' contention, it is well to refer to the judgment itself sought to be abstracted. A judgment was rendered in this court, docketed No. 6064, Rebecca C. Markley v. Joseph C. Martin et al., in which Joseph C. Martin, Minnie B. Martin, Alfred C. Markley, John H. Davis, and S. M. Barlow, receiver of John H. Davis, were appellees, reversing and rendering the judgment in the district court wherein the case was numbered and styled No. 4417, Rebecca C. Markley v. Joseph C. Martin et al., and the defendants therein were Joseph C. Martin, Minnie B. Martin, Alfred C. Markley, John H. Davis, and S. Barlow, receiver of John H. Davis, the mandate from this court being filed in said court on April 15, 1919, and on said date the district court proceeded to reform and render its own judgment in said cause No. 4417, standing so numbered on its docket, in accordance with the mandate of this the Court of Civil Appeals for the Fourth Supreme Judicial District. The abstract relied upon, filed to create the judgment lien, is certified to by the clerk of the district court:

"That in the Court of Civil Appeals of the 4th Judicial District of Texas in a certain suit pending in said cause, wherein Rebecca C. Markley is plaintiff and Joseph C. Martin et al. are defendants No. 6064 the said defendants Joseph C. Martin and Minnie B. Martin recovered judgment against John H. Davis on the 21st day of June, 1918, for the sum of Three Thousand, Seven Hundred and Fifty ($3,750.-00) Dollars with interest on said amount from the 21st day of September, 1915, interest at the rate of six per cent. per annum and $111.55 costs of suit."

[2-4] The first requirement of article 5612, stating what the abstract shall show, is the names of the plaintiffs and defendants in the suit. Here the plaintiff is given as Rebecca C. Markley and defendants as Joseph C. Martin et al., No. 6064. The said defendants Joseph C. and Minnie recovered judgment against said defendant John H. Davis on the 21st of June, 1918, for the sum of $3,750, with interest from the 21st day of September, 1915, at the rate of 6 per cent. per annum, without stating sum due. The purported judgment of the district court as abstracted is not strictly in pursuance with the terms of the statute. While it is the proper and better practice for trial courts to have judgments of appellate courts that reverse and render the judgment entered of record in its minutes, that is not a requirement essential to its validity. Henry v. Red Water Lumber Co., 46 Tex. Civ. App. 179, 102 S. W. p. 749. Article 1646, R. S., expressly provides it shall not be necessary for the lower court to make any further order or decree therein. Neither is the clerk of the lower court required to do other than file the mandate to make it effective as the judgment. Therefore he is required only to issue execution thereon as in other cases. In other words, the only effect or change in the reversed judgment is in respect to the parties and the recovery. It then becomes the judgment of the lower court. In abstracting such judgment, it should follow article 5612 of the Revised Statutes and correctly give the names of plaintiff and defendant in and as the judgment of the district court as rendered by the appellate court, but here it gives Rebecca C. Markley as plaintiff and Joseph C. Martin et al. as defendants. Then continues on to describe the judgment as No. 6064, which is not the number of the case in the district court at all, but is the number of the Court of Civil Appeals. Then continues to recite, "the said defendants Joseph C. Martin and Minnie B. Martin recovered judgment against said defendant John H. Davis." The abstract does not purport to give the number of the case as docketed in the district court No. 4417 at all, but gives another, and refers to a court that has no existence as described, but that would not be material of itself. The statute requires the abstract to give "the number of the suit in which the judgment was rendered." If this means, and we think it does, to give the docket number of the suit of the court where the mandate was filed, after the mandate is filed, the only thing the clerk is directed by the statute to do is to issue execution upon it. It was therefore

erroneous to give the court number as that of the Court of Civil Appeals, for he was not the clerk of that court. That being given as it was, the clerk's certificate should have gone further in the recitation of facts, and in appropriate language have shown the facts and given both numbers so as to show and .identify the number of the court in which the judgment was rendered in the proper .suit.

There is no such court described as "Court of Civil Appeals of the 4th Judicial District" of Texas, but there is such a court "of the Fourth Supreme Judicial District." It is also true the judgment in the case was rendered by the Court of Civil Appeals of the Fourth Supreme Judicial District. The judgment of the trial court made the judgment of the Court of Civil Appeals its judgment, as follows:

"No. 4417.

"Rebecca C. Markley v. Jos. C. Martin et al.

"On this the 15th day of April, 1919, it being made to appear to the Court that on the 21st day of June, 1918, the Honorable Court of Civil Appeals of the Fourth Supreme Judicial District of Texas, reversed the final judgment and decree of this court, made on the 10th day of October, 1917, and rendered judgment that the plaintiff have and recover of and from the defendants Jos. C. Martin, Minnie B. Martin, Alfred C. Markley, John H. Davis and S. M. Barlow, Receiver, the title to and possession of Lots One (1), Two (2) and Three (3) in Block One Twenty-six (126) Western Division of the City of Laredo, Webb County, Texas, each fronting 20 varas on Houston Street and running back 40 varas for depth, situated in Webb County, Texas, and that she have Writ of Possession therefor; and that the defendants in this cause, Jos. C. Martin, Minnie B. Martin, Alfred C. Markley, John H. Davis, and S. M. Barlow, Receiver, pay all costs in this cause in this court and in the Court of Civil Appeals; and that the defendants, Jos. C. Martin, and Minnie B. Martin have and re- cover judgment against John H. Davis in the sum of Three Thuosand, Seven Hundred and Fifty ($3,750.00) Dollars, with interest there- on at the rate of six per cent. per annum from September 21st, 1915, and all costs, as appear from the mandate of said court now on file in this cause, it is ordered that the judgment of this court of October 10, 1917, be and the same is hereby set aside, and the mandate of said Court of Civil Appeals be and is made the final judgment of this court and that the plain- tiff Rebecca C. Markley in her sole and sepa- rate right and estate do have and recover of and from the defendants, Jos. C. Martin, Min- nie B. Martin, Alfred C. Markley, John H. Davis, and S. M. Barlow, Receiver, the title to and possession of the property hereinabove described, together with all costs incurred in this court and in the Court of Civil Ap- peals for which execution may issue."

Thus was the judgment of the Court of Civil Appeals, reversing and rendering the judgment, made the judgment of the trial court, and in abstracting it should have been abstracted as though it were the original judgment, giving names of plaintiff and de- fendant therein, number of suit, date when rendered, amount for which the same was rendered, and the amount still due, rate of interest. A failure to do any of these things rendered the abstract ineffective to create the lien. We do not, for the reasons given, believe the statute has been properly fol- lowed. Bonner v. Grigsby, 84 Tex. 330, 19 S. W. 511, 31 Am. St. Rep. 48; Hamilton v. Beard, 33 S. W. 252; Anthony v. Taylor, 68 Tex. 403–405, 4 S. W. 531.

Articles 5610, 5614, and 6832 provide for the record of abstracts of judgments to fix lien on property. Appellants contend that the purported instrument relied on, to estab- lish the lien, was improperly admitted in evi- dence for such purpose, as it had not been properly recorded because it was a mere tab- ulated abstract of a judgment filed for rec- ord, which was not recording or registering it, but that it should have been copied out in writing, and in support of such contention cites the statutory provisions in regard to registration and Edinburgh Co. v. Grant, 152 Ala. 456, 44 South. 554; Vidor v. Rawlins, 93 Tex. 259, 54 S. W. 1026—Supreme Court. Of course, only the clerk of the court wherein judgments are obtained are permitted to pre- pare abstract of judgments and certify there- to.

The index refers to the abstract of judg- ment as:

"Under D—Davis, John H., defendant, to Joseph C. Martin et al.

"Under Z—transferred from M—Minnie B. Martin et al. Martin, Joseph C. et al., defend- ants, from John H. Davis, Martin, Minnie B., defendants, from John H. Davis.

"The index gives the page, but not the book."

[5, 6] Article 5615 requires the index to show the name of each defendant in the judgment, and the number and page of the book upon which the abstract is recorded. It is well settled that proper indexing is an essential requirement to fix the validity of the lien. It should also be cross-indexed with the names of the parties. The names of Re- becca C. Markley, plaintiff in the case, and Alfred C. Markley and S. M. Barlow, receiv- er, defendants, are omitted.

[7] The Martins do not appear under the letter "M" in the index. On the page pre- pared for "M" letter "M" is transferred to letter "Z." Turning to "Z," we find at the top of that page of the "index" the notation, "From L." The first several names on that page are names beginning with "L." Then follows a list of several names beginning with "M,". above which list is written "De- fendant's Name." This list contains the names of appellees Martins. This list is im- mediately followed by a list of names begin-

ning with "S," above which group is a notation, "S" for "Plaintiff's Side." The page of the "index" concludes with another list of names immediately following those beginning with "S"; this last list contains names beginning with "L," and bears the notation, "Plaintiff's Side." There are some 35 names on the page of the "index" provided for the letter "Z," and not one of these names begins with "Z." As above shown the page is divided for letters in the following order: "L," "M," "S," "L." Likewise, the page provided for names beginning with "K," "L," and "M" is not kept alphabetically.

The names of both plaintiffs and defendants are so mingled as to be in confusion. As said in McLarry v. Studebaker et al., 146 S. W. 676, the statute has not been complied with.

[8] The abstract of the judgment was filed while the property was in the hands of a receiver. It was in the custody of the court, and no liens could thereby be created so as to disturb the possession of the court in respect to or affect the court's ultimate disposal thereof. We do not agree with appellants' contention, or think the cases cited are applicable to sustain their position that such lien is void. The case of Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776, cited, is not applicable for the reason that the levy of a writ pending the receivership is void because such levies must fix the lien as of the levy and seizure, the effect of which would tend to disturb the court's possession of the property, and would not be revived by the termination of the receivership, because it would require a new levy. The filing of an abstract of a judgment would not interfere with the court's possession of the property, or have any effect at all, unless the property be returned to the possession of the debtor, and during possession of the court, if kept alive, would take effect immediately upon the presumption of the debtor's possession or right of possession.

[9] The facts in this case show that the notes in controversy are renewals and extensions of a balance due on notes executed by Davis to appellants long prior to the rendition of the judgment in favor of Martins as the deed of trust recites. On April 5, 1920, a decree was entered in the district court in the receivership case, discharging the receiver, and redelivering the property to John H. Davis, and providing he take said property forever freed from all claims asserted by the parties to said cause except the claims and liens of L. J. Christen, the Texas Land & Improvement Company, and appellants. The indebtedness held by appellants in 1913, having been brought forward by the deed of trust and notes sued on in the cause during the receivership and decree discharging the receiver, preserved the rights of appellants and preserved the lien. We can see no good reason why a foreclosure should have been had on the lien in the receivership merely to preserve the priority of the lien against an inferior lien. The effect of the order of the court preserving its status was within the powers of the court, and was quite as effective for that purpose as a foreclosure. It was a matter in which the court had the jurisdiction and power to do; that is, preserve the status and rights of the parties. It could not extend it over a prior or superior lien, but could preserve it. So that the discharge of the receiver and restoring the possession of the property would not subordinate prior existing superior liens.

The judgment of the lower court is reversed in so far as it gives priority to the lien claimed through the abstract of judgment, and judgment is here rendered that appellants recover for the full amount of their debt, interest, and costs, and their lien, as evidenced by their deed of trust, is declared superior to the judgment lien of appellees, and is a prior lien on the property described in the deed of trust, and is hereby foreclosed on said property against the appellees, the remaining portions of the judgment against which there are no complaints being hereby affirmed.

Reversed and rendered in part, and affirmed in part.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 15, 1922.