## RONEY v. DOTHAN PRODUCE CO.
### (4 Div. 382.)

Supreme Court of Alabama. May 10, 1928.

1. **Judgment ⬦➡768(1)—Certificate of judgment must show every feature of statutory prescription, in order to create lien on property of defendant (Code 1923, § 7874).**

Certificate of judgment under Code 1923, § 7874, in order to create a lien on property of defendant, must show every feature of the statutory prescription, and, unless it does, it is unavailing for the creation of a lien.

2. **Pleading ⬦➡32—Bill in equity must set forth copy or aver terms of instrument vital to demand.**

General rule of equity pleading is that a bill must set forth a copy or aver terms of instrument vital to plaintiff's demand.

3. **Pleading ⬦➡32—Substance of written instrument on which right depends directly and primarily should be stated in pleading or copy of instrument attached.**

In every case where a party's right in suit, pro or con, depends directly and primarily on a designated written instrument, the substance of the instrument should be stated in his pleading, or else there should be a copy attached, with appropriate reference.

4. **Judgment ⬦➡768(1)—Existence of certificate of judgment embodying all of statutory features is vital to equity of bill to enforce judgment lien (Code 1923, § 7874).**

Existence of certificate of judgment embodying all of features prescribed by Code 1923, § 7874, is vital to equity of bill to enforce judgment lien on lands of defendant, in that right to asserted judgment lien depends entirely on certificate.

5. **Pleading ⬦➡32—Presumption that circuit clerk, making certificate of judgment, included all statutory requirements, does not validate bill failing to allege certificate contained such requirements (Code 1923, § 7874).**

Presumption of law that circuit clerk making certificate of judgment included in it everything required by Code 1923, § 7874, held insufficient to validate bill to enforce judgment lien failing to allege filing and registration of certificate containing everything which statute required in order to create statutory judgment lien.

6. **Pleading ⬦➡7—Pleading averring facts from which another fact will be presumed sufficiently pleads other fact.**

A pleading which avers facts from which the law presumes another fact sufficiently pleads that other fact.

7. **Judgment ⬦➡801—Claimant of judgment lien has burden of showing registration of proper certificate and of pleading its existence (Code 1923, § 7874).**

Claimant of lien under judgment has burden of proving registration of certificate of judgment containing everything necessary to create the lien, as prescribed by Code 1923, § 7874, and to plead its existence by averring that it

contains all of matters required, with substantial specifications thereof.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill by the Dothan Produce Company against Mattie Roney and others to enforce a judgment lien. From a decree, overruling her demurrer to the bill, the named respondent appeals. Reversed, rendered, and remanded.

E. C. Boswell, of Geneva, for appellant.

The bill is silent with reference to what the certificate of judgment contained; and, failing to aver facts showing complainant had a lien on the lands sought to be sold, the bill is without equity. Code 1923, §§ 7874, 7875; Conn v. Seller, 198 Ala. 606, 73 So. 961; Greenwood v. Trigg, Dobbs & Co., 143 Ala. 617, 39 So. 361; Duncan v. Ashcraft, 121 Ala. 552, 25 So. 735; Edinburgh-Am. L. M. Co. v. Grant, 152 Ala. 456, 44 So. 554; Ladd v. Smith, 209 Ala. 114, 95 So. 280; Morris v. Waldrop, 213 Ala. 435, 105 So. 172. The recordation of the proper certificate is what creates the lien. Travis v. Rhodes, 142 Ala. 189, 37 So. 804. In equity, appropriate pleading is essential. Overton v. Moseley, 135 Ala. 599, 33 So. 696. On demurrer, pleading will be construed most strongly against the pleader. Ex parte Ashworth, 204 Ala. 391, 86 So. 84.

Mulkey & Mulkey, of Geneva, for appellee.

It is not necessary to allege evidentiary facts. It is presumed that the certificate contained the necessary recitals. Code 1923, § 6525; Bishop v. Bishop, 13 Ala. 475; McDonald v. Mobile L. Ins. Co., 56 Ala. 468; Strange v. Watson, 11 Ala. 334.

SOMERVILLE, J. The bill of complaint is filed for the purpose of enforcing a judgment lien on the lands of the respondent. The respondent's demurrer to the bill was overruled, and she appeals on the record.

The bill alleges:

"On July 14, 1927, complainant recovered a judgment in the circuit court, Geneva county, Ala., against Mattie Roney [the respondent] for $1,093.85, and $10.40 court cost, a certificate of which judgment signed by the clerk has been duly filed and registered in the office of the judge of probate of Geneva county, Ala., and therefore created a lien upon the property of the defendant."

The demurrer to the bill challenges the sufficiency of these allegations to show a lien under section 7874 of the Code, the contention being that the bill must show the filing and registration of a certificate which actually—and not by mere inference or presumption—contains everything which the statute requires it should contain in order to create the statutory judgment lien.

---

⬦➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Complainant's, theory of the matter is that the law presumes that the clerk of the court who made the certificate did his duty and followed the requirements of the statute; and hence that it is not necessary to allege, *as a matter of pleading*, what recitals the certificate contained.

[1] With respect to the sufficiency of this certificate, this court has required a very strict compliance with the terms of the statute, and, unless the certificate shows every feature of the statutory prescription, it is unavailing for the creation of the lien. Duncan v. Ashcraft, Adm'r, 121 Ala. 552, 25 So. 735; Edinburgh Am. Land, etc., Co. v. Grant, 152 Ala. 456, 44 So. 554; Conn v. Sellers, 198 Ala. 606, 73 So. 961; Ladd v. Smith, 209 Ala. 114, 95 So. 280; Morris v. Waldrop, 213 Ala. 435, 438, 105 So. 172.

[2] The general rule of equity pleading is that "a bill must set forth a copy or aver the terms of an instrument vital to plaintiff's demand." 21 Corpus Juris, 403, § 424. See, also, Sprague v. Shields, 61 Ala. 428, 432; and McDonald v. Mobile Life Ins. Co., 56 Ala. 468. And in an action at law, claiming the statutory penalty for not entering on the record a partial payment made on a recorded judgment, the complaint was held insufficient, because it did not show that the recorded certificate contained the name of the owner of the judgment. Travis v. Rhodes, 142 Ala. 189, 194, 37 So. 804. It was there said, per Anderson, J.:

"This court held in Duncan v. Ashcraft, 121 Ala. 552 [25 So. 735], that the omission of the name of the owner from the certificate rendered it insufficient to create a lien [this requirement now omitted from the statute]; and we think in this case, that the complaint should aver facts sufficient to show that a lien existed in order to show a cause of action."

[3] We think it is a sound rule of pleading that, in every case where a party's right in suit, pro or con, depends directly and primarily upon a designated written instrument, the substance of the instrument should be stated in his pleading, or else it should be attached in copy, with appropriate reference. 31 Cyc. 65, 8, and cases cited in note 44.

[4] In the instant case it is obvious that complainant's right to the asserted judgment lien depends entirely upon the certificate in question, and that the existence of a certificate embodying all of the five features prescribed by the statute (Code, § 7874), duly registered, is vital to the equity of his bill.

[5] The only question, therefore, that remains to be considered is whether or not the absence from the bill of any showing of *the substance* of the certificate is aided and supplied by a presumption of law that the cercuit clerk who made the certificate included in it everything required by the statute.

The rule invoked is primarily a rule of evidence of universal recognition, and innumerable cases illustrate its varied, and often dubious or conflicting, applications. 22 Corpus Juris, 130–142, §§ 69–72. It springs from the old maxim "Omnia præsumunter recte esse acta."

Greenleaf states, as an application of this maxim, that:

"Generally, when an official act has been done which can only be lawful and valid by the doing of certain preliminary acts, it will be presumed that those preliminary acts have also been done." 1 Greenl. on Ev. (16th Ed.) 135.

Conceding that this rule has now been extended far beyond its former scope, and that its precise limitations cannot be fully defined, there are, nevertheless, some limitations which have been recognized by the courts, and which seem eminently just and proper.

In United States v. Ross, 92 U. S. 281, 284, 285, 23 L. Ed. 707, it was said:

"The presumption that public officers have done their duty, like the presumption of innocence, is undoubtedly a legal presumption; but it does not supply proof of a substantive fact. Best, in his Treatise on Evid. § 300, says, 'The true principle intended to be asserted by the rule seems to be, that there is a general disposition in courts of justice to uphold judicial and other acts rather than to render them inoperative; and with this view, where there is general evidence of facts having been legally and regularly done, to dispense with proof of circumstances, strictly speaking, essential to the validity of those acts, and by which they were probably accompanied in most instances, although in others the assumption may rest on grounds of public policy.' Nowhere is the presumption held to be a substitute for proof of an independent and material fact."

To the same effect is United States v. Carr, 132 U. S. 644, 10 S. Ct. 182, 33 L. Ed. 483, and other illustrations will be found in Sterling v. Urquhart, 88 Minn. 495, 93 N. W. 898; Deaver v. Napier, 139 Minn. 219, 166 N. W. 187. In the text of 22 Corpus Juris, 135, it is stated generally that "the presumption cannot be used as a substitute for proof of a definite and material fact."

Again, "the presumption relates solely to acts done in the routine of official business. * * * Neither does the presumption extend to acts involving the forfeiture of an individual's rights, the depriving him of his property, or the placing of a charge or lien thereon." 22 Corpus Juris, 141, § 81. So, in Keane v. Cannovan, 21 Cal. 291, 82 Am. Dec. 738, it was held that no presumption can be indulged that an officer acting under a statutory power, with a view to divest, upon certain contingencies, the title of the citizen, has done his duty and complied with the law. 10 R. C. L. 881, § 27.

A familiar example of the exclusion of presumptions of official regularity may be noted in the matter of sales of land for taxes:

"To divest an individual of his property against his consent, every substantial require-

ment of the law must be complied with. No presumption can be raised in behalf of a collector who sells real estate for taxes, to cure any radical defect in its proceedings; and the proof of regularity devolves upon the person who claims under the collector's sale." Johnson v. Harper, 107 Ala. 706, 708, 18 So. 198, 199; Clarke v. Rowan, 53 Ala. 400.

[6, 7] It is true, of course, that "a pleading which avers facts from which the law presumes another fact sufficiently pleads that other fact." 21 R. C. L. 445, § 8. But, in a case like this, we think and hold that the burden of proof is upon the claimant of the lien to show the registration of a certificate containing everything necessary to create the lien as prescribed by the statute, and equally to plead its existence by averring that it contains all of the matters required, with substantial specifications thereof.

It results that the decree overruling the demurrer to the bill was erroneous, and it will be reversed, and a decree will be here entered sustaining the demurrer as to grounds 4, 5, 7, and 9.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.