(136 So. 733)

**DUNCAN et al. v. AUTAUGA BANKING & TRUST CO. et al.**

3 Div. 953.

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 15, 1931.

Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

Gipson & Booth, of Prattville, for appellees.

BROWN, J.

■ Whatever may be the rule elsewhere, it is the settled law of this state that, to create a lien by filing for registration a certificate of judgment under the provisions of sections 7874 and 7875, Code of 1923, there must be strict observance of the requirements of the statute as to the contents of such certificate. Duncan v. Ashcraft, Admr., etc., 121 Ala. 552, 25 So. 735; Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36; Conn v. Sellers, 198 Ala. 606, 73 So. 961; Ladd v. Smith, 209 Ala. 114, 95 So. 280; Morris v. Waldrop, 213 Ala. 435, 105 So. 172; Reuf et al. v. Fulks et al., 219 Ala. 252, 122 So. 14.

The reason for applying the rule of strict construction was stated in Duncan v. Ashcraft, Adm'r, etc., 121 Ala. 555, 25 So. 735, 737, supra: "Those statutes which are in derogation of the common law, and such as create rights in their nature extraordinary, are to be strictly construed. A substantial compliance in every essential particular is required, before the benefits conferred by such statutes can be obtained or enjoyed. An omission of any material or particular requirement contained in the provisions of the statute, in an attempt to secure the benefit or right conferred by the statute, cannot be deemed a substantial compliance."

The rule of liberal construction adverted to in Enslen, Adm'x, v. Wheeler, Adm'r, 98 Ala. 200, 13 So. 473, cited by appellants, was in respect to the applicability of the statute to judgments rendered prior to its enactment, as well as those subsequently rendered, as pointed out in Duncan v. Ashcraft, Admr., supra.

Prior to the amendment of the statute by the act of February 23, 1899, the statute required the certificate to state the name of the owner of the judgment. Travis v. Rhodes, 142 Ala. 189, 37 So. 804; Edinburgh Amer. Land Mtg. Co., Ltd. v. Grant, 152 Ala. 456, 44 So. 554.

The statute provides that the certificate "*shall* show the style of the court which rendered the decree or judgment, the amount and date thereof, the amount of costs, *the names of all parties thereto*, and the name of the plaintiff's or complainant's attorney." (Italics supplied.) Code 1923, § 7874.

The statute in this respect is mandatory, and the Legislature must have thought that these specific requirements were important, and it must be held that they are essential to the creation of the statutory lien. Zininam v. State, 186 Ala. 9, 65 So. 56.

In the instant case, the plaintiffs in the suit in which the judgments were rendered, as the averments of the bill show, were "J. G. Duncan, Sr., and J. G. Duncan, Jr., doing business as partners under the firm name of "J. G. Duncan & Son," and the certificates issued stated the names of plaintiffs as "J. G. Duncan & Son." This was not a sufficient compliance with the statute. Ladd v. Smith, supra; Conn v. Sellers, supra.

The judgment here is that the demurrers to the bill were properly sustained, and the decree must be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.