# Parks *v.* Farrior.

## *Ejectment.*

(Decided February 6, 1913. 61 South. 303.)

*Taxation; Sale of Land; Jurisdiction.*—Under section 2268, Code 1907, the report of the Tax Collector of a list of real estate "upon which the taxes are due and unpaid, and upon which I have been unable to collect the same," was insufficient to give the probate court jurisdiction to sell such land.

APPEAL from Birmingham City Court.

Heard before Hon. CHAS. A. SENN.

[Parks v. Farrior.]

Ejectment by J. W. Farrior against J. C. Parks. Judgment for plaintiff and defendant appeals. Reversed and remanded.

ALLEN & BELL, for appellant. The proceedings leading up to the tax sale were not sufficient to give the probate court jurisdiction to sell the land and consequently the sale was void.—*Driggers v. Cassidy,* 71 Ala. 535; *Jones v. Pelham,* 84 Ala. 211; *Griffin v. Hall,* 111 Ala. 601; *Crook v. Anniston,* 93 Ala. 4.

H. K. WHITE, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The plaintiff sued in statutory ejectment; his sole muniment of title being a tax sale deed executed to him by the probate judge. On the evidence adduced, the trial court gave the general affirmative charge for the plaintiff, and there was verdict and judgment accordingly.

It does not appear from the tax proceedings or deed, nor from any evidence set out in the bill of exceptions, that the probate court acquired jurisdiction to sell the land in question. Such jurisdiction can be acquired in only one way, viz., by a report from the tax collector "that he was unable to collect the taxes assessed against such land, or the owner thereof, without a sale of such land."—Code 1896, § 4046; Code 1907, § 2268. The tax collector's report of a list of real estate "upon which the taxes are due and unpaid, and upon which I have been unable to collect the same," is clearly not sufficient to meet the requirement of the statute. We discussed this question in the case of *Lodge v. Wilkerson,* 174 Ala. 133, 56 South. 994, and on the authority of that case we are constrained to hold that the tax

[Mays v. Burleson.]

deed, upon which plaintiff's claim depends, was void for want of jurisdiction to sell for taxes, and that the trial court erred in giving the general affirmative charge for the plaintiff.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.