(81 South. 611)

GOODWIN v. GEORGIA LOAN & TRUST CO. (6 Div. 867.)

(Supreme Court of Alabama. Feb. 6, 1919. Rehearing Denied April 10, 1919.)

1. EJECTMENT ⬦95(2)—PRIMA FACIE CASE—TITLE.

In a statutory action in the nature of ejectment, plaintiff's proof of prior possession in a third person, and conveyance by such third person through mortgages and foreclosure deeds, passing whatever title he had, made out a prima facie case.

2. EVIDENCE ⬦340(3)—TRANSCRIPT OF TAX COLLECTOR'S DOCKET.

In a statutory action in the nature of ejectment, defendant relying solely on a tax title based on assessment of an unknown owner, defendant's offered certified transcript from the probate court of a county of the tax collector's docket as to delinquent taxes assessed to owners unknown was inadmissible, where it did not conform with the requirements of the statutes.

3. APPEAL AND ERROR ⬦1056(2)—HARMLESS ERROR—EVIDENCE.

In ejectment, defendant relying solely on a tax title based on assessment of unknown owner, where defendant's offered certified transcript from the probate office of a county of the tax collector's docket as to delinquent taxes assessed to owners unknown was properly excluded, the exclusion of instruments, orders of sale, and deeds, made thereunder to pass title to defendant or those through whom he claimed title, was harmless.

4. JUDGMENT ⬦883(3)—SET-OFF OF JUDGMENTS—STATUTE.

Under Code 1907, § 5861, judgments, one for plaintiff in a statutory action in the nature of ejectment, and the others against him in the same action, on motion were properly set off one against the other pro tanto in so far only as they were for the payment of money.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Georgia Loan & Trust Company against C. S. Goodwin. From judgment for plaintiff, defendant appeals. Affirmed.

H. A. Dickinson, of Birmingham, for appellant.

Joseph T. Collins, Jr., of Birmingham, for appellee.

MAYFIELD, J. This action was a statutory one in the nature of ejectment, brought by appellee against appellant.

[1] Plaintiff proved prior possession in one Dr. Collins, and conveyances by him through mortgages and foreclosure deeds, passing whatever title Collins had in it. This, of course, made out a prima facie case for plaintiff.

[2, 3] Defendant relied solely upon a tax title, based upon an assessment to owner unknown. The defendant first offered in evidence a certified transcript from the probate office of Jefferson county of the tax collector's docket, as to delinquent taxes assessed to owners unknown. The plaintiff objected to the introduction because the certificate did not conform to the requirements of the statute, and other familiar grounds; that it was irrelevant, immaterial, illegal, and incompetent. The objection was sustained, and defendant excepted.

The only object or possible effect of this piece of evidence was to form the basis or support for a sale of the lands involved for taxes, and the deeds made in pursuance of the sale to pass title to defendant, or those through whom he claimed title.

If this certificate was ineffectual to authorize the sale of the land for taxes, there was shown no authority for a sale, or the execution of tax deeds sufficient to pass title, or to defend against or support an action of ejectment. If there was no error in this first ruling, there could be no possible injury, if error in the other rulings, for without proof of a valid certificate there could not be a valid or effective sale, or deed to pass title; and if the sales and deeds were made and executed on the authority only of this certificate, which declared and showed on its face its own deficiency, then there was neither error nor injury in declining to allow the introduction of any of the instruments, orders of sale, or deeds. The sufficiency of certificates very much like, and not materially different from this, has several times been held by this court to be insufficient to authorize a sale, and to render such sales had under such authority void and of no effect.

The facts in this case are very similar to those in the case of Parks v. Farrior, 61 South. 303, headnote (180 Ala. 394), and the holding is well stated in the headnote as follows:

"Under Code 1907, § 2268, which empowers the probate court to sell land for delinquent taxes when the tax collector reported that he was unable to collect the taxes assessed against such land, or the owner thereof 'without a sale of such land,' his report of a list of the real estate 'upon which the taxes are due and unpaid, and upon which I have been unable to collect the same,' was insufficient to give the probate court jurisdiction to sell such land."

The same rule has been followed in cases where the lands were assessed to owners unknown. In the case of Pollak v. Milam, 190 Ala. 569, 67 South. 381, the assessment was to owner unknown, and this court said:

"While the lands here were assessed to owner unknown, that fact does not affect the essential prerequisite to jurisdiction which section 4046 of the Code of 1896 (now section 2268 of the Code of 1907) requires as a foundation upon which all decrees of sale of lands for taxes shall rest. Lodge v. Wilkerson, 174 Ala. 133 [56 South. 994]."

This section of the Code has, since these decisions, been readopted with this construction placed upon it, and hence we feel bound by them, whatever we might think of the question as an original proposition. See Acts of Legislature 1915, p. 459.

It therefore results that there was no prejudicial error in the rulings as to evidence. The plaintiff was undoubtedly entitled to recover, and there was no error or injury in rendering judgment accordingly by the trial court.

The defendant had every benefit to which he was entitled, as to requiring plaintiff to pay the amount of taxes, charges, interest, etc., on account of failure to assess, sales in consequence thereof, and to which under the statutes he was entitled, and judgment therefor was rendered in his favor, as directed by the statutes; nor was there any error as to the amount of damages for detention, which was rendered against him.

[4] The judgments, one for plaintiff, and the others against him, in the same action, as authorized by law, were properly on motion set off one against the other, pro tanto, in so far only as they were for the payment of money. Section 5861 of the Code certainly authorizes such set-off proceedings as were had in this case.

It results that the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.