(105 So. 172)

**MORRIS v. WALDROP et al. (6 Div. 431.)**

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

**1. Husband and wife ⬦⟾80 — Wife liable for payment of judgment, where debt was that of herself and husband.**

Where judgment was founded on debt of husband and wife, and was not suretyship in contravention of Code 1907, § 4497, wife was liable to its payment.

**2. Eminent domain ⬦⟾152(1)—Owner held not entitled to claim funds payable on condemnation of her lot.**

Former owner *held* not entitled to claim part of funds payable on condemnation of lot, where prior thereto execution was levied on judgment against her, and she interposed her claim of homestead, which was disallowed, and lot was ordered sold for satisfaction of judgment, and she did not redeem from state tax sale nor pay taxes for herself or through another; the holder of valid tax title being entitled to entire fund and, if tax title is invalid, the holder as assignee of state's rights and liens under Gen. Acts 1915, p. 471, § 228, is entitled to sell taxes, fees, and costs with interest.

**3. Taxation ⬦⟾421(7)—Assessment of lot for taxes not vitiated by discrepancy in description.**

Assessment of a lot for taxes was not vitiated by a discrepancy in describing the lot by 12 feet in its depth, in view of a quitclaim deed intending to clear up such discrepancy.

**4. Evidence ⬦⟾387(10) — Parol evidence explaining description in assessment of lot for taxes was within the rule.**

Parol evidence, offered in nature of explanation of description in assessment of lot for taxes, or applying it to its intended objects, was admissible within the rule, where the assessment roll itself furnished the unmistakable clue for application of such evidence.

**5. Taxation ⬦⟾726—Title to property sold for delinquent taxes held to vest in purchaser.**

Title to property, sold for delinquent taxes, was vested in purchaser on report of tax collector of failure to collect and that of delinquency, decree of sale predicated thereon after due notice to owner by publication and evidence of service of notice on owner of sale of all property of delinquents in compliance with statute, and report of sale and purchase of property by state, and resale after period for redemption had expired.

**6. Taxation ⬦⟾672—Tax sale not invalidated because made by, and in presence of, tax collector and judge of probate and their deputies.**

Tax sale was not rendered invalid, in view of Code 1907, § 2281, and Gen. Acts 1915, p. 464, §§ 204, 205, because made by, and in the presence of, the tax collector and judge of probate and their respective deputies.

**7. Judgment ⬦⟾768(1) — Certificate of judgment held insufficient to give lien, where failing to give amount of costs.**

Lien of judgment is distinct from lien of execution, and certificate of judgment was insufficient to give statutory lien, in view of Code 1907, §§ 4156, 4157, where it failed to give amount of costs, stating that such costs "cannot be ascertained at this time."

**8. Execution ⬦⟾75—No execution lien on judgment, where none issued until more than year had expired from date of judgment's rendition.**

There was no execution lien on judgment, where no execution had been issued on it as such until more than a year had expired from date of its rendition.

**9. Judgment ⬦⟾768(1)—Statute relating to requirements of certificate of judgment must be strictly pursued.**

Code 1907, § 4156, relating to requirements of certificate of judgment, being in derogation of common law, must be strictly pursued by him who desires its protection.

**10. Judgment ⬦⟾768(1)—Judgment becomes a lien on all property of defendant, in county where filed, on strict compliance with statute.**

When there is strict adherence and due compliance with Code 1907, § 4156, relating to requirements of certificate of judgment, judgment becomes a lien on all property of defendant in county where filed, if such property is subject to levy and sale under execution.

**11. Eminent domain ⬦⟾152(1)—Judgment creditors not entitled to funds payable in proceedings, where not paying delinquent taxes.**

Judgment creditors of owner of lot *held* not entitled to funds payable in condemnation proceedings, in view of Code 1907, § 2328, and Gen. Acts 1915, p. 475, § 241, though perfecting their lien by due certificate and registration, where they failed to pay taxes in default or redeem the land from state as purchasers at tax sale, and such failure continued until after expiration of time for redemption.

---

⬦⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

12. **Taxation,** ☞679(1) — **State became purchaser of property sold for delinquent taxes.**

State became purchaser of property sold for delinquent taxes, where tax collector filed a docket of delinquent taxpayers in conformity with Code 1907, §§ 2268–2270, and Gen. Acts 1915, p. 460, § 193 et seq., and probate judge duly issued citation to taxpayer, and it was served on her in conformity with sections 2271, 2272, 2183, and Gen. Acts 1915, p. 460, § 195 et seq., and decree was pursuant to statute, and sale followed after due notice, and was conducted according to sections 2278, 2279, and Gen. Acts 1915, p. 459, § 192 et seq.

13. **Evidence** ☞333(4)—**Books or records of offices of tax, collector and judge of probate, required by law to be kept, or certified copies therefrom, held admissible.**

In bill of interpleader to determine title to funds payable from condemnation proceedings, evidence on issue involving sale of land for taxes of the books or records of offices of tax collector and judge of probate, required by law to be kept, or certified copies therefrom, were admissible, in view of Code 1907, § 2310, and Gen. Acts 1915, p. 474, § 238, declaring same to be prima facie evidence of facts therein stated.

14. **Taxation** ☞743—**Purchaser from state of land sold for delinquent taxes had right to sell same to another.**

Where state purchased property at sale for delinquent taxes, and, after expiration of time for redemption, sold same after notice to owner, under Gen. Acts 1915, p. 480, § 253, purchaser had absolute right to sell same to another; nothing in Gen. Acts 1915, p. 475, § 240, requiring her to surrender title so acquired to judgment creditors of owner.

15. **Interpleader** ☞35—**Costs of bill properly required to be paid out of fund subject of the suit.**

In bill of interpleader to fund payable from condemnation proceedings, court correctly required costs of bill to be paid out of fund.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill of interpleader by William J. Waldrop against Eula R. Morris, Mrs. D. R. McGlathery, J. B. and Mary J. Gorman, and C. P. Beddow. From the decree, respondent Morris appeals. Reversed and rendered.

Arthur L. Brown, of Birmingham, for appellant.

The Gormans have never had any lien on the funds in question, and are not entitled to participate in this interpleader. Duncan v. Ashcraft, 121 Ala. 554, 25 So. 735; Ladd v. Smith, 209 Ala. 114, 95 So. 280; Code 1907, §§ 4156, 4157; Conn v. Sellers, 198 Ala. 606, 73 So. 961. The title of appellant is complete and perfect. She was the owner of the land at the time it was condemned and is entitled to the entire fund. Code 1907, §§ 2168, 2171, 2183, 2268, 2269, 2310, 2313, 2328; Barry v. Stephens, 176 Ala. 96, 57 So. 467;

Coburn v. Coker, 193 Ala. 364, 69 So. 574: Smith v. Cox, 115 Ala. 503, 22 So. 78; Gamble v. Andrews, 187 Ala. 302, 65 So. 525.

Ivey F. Lewis, of Birmingham, for appellees.

The omission to state costs was merely a waiver of the judgment to that extent. Ladd v. Smith, 209 Ala. 114, 95 So. 280; Johnston v. Bates, 209 Ala. 16, 95 So. 375. Appellant's tax title was void. Code 1907, §§ 2113, 2281, 2271, 2279; Anniston Co. v. State, 185 Ala. 482, 64 So. 110; Jones v. Pelham, 84 Ala. 208, 4 So. 22; Lodge v. Wilkerson, 174 Ala. 133, 56 So. 994. There was conspiracy between appellant and Mrs. McGlathery to defeat the judgment creditors. Winter v. City Council, 101 Ala. 649, 14 So. 659.

THOMAS, J. The bill of interpleader by the clerk of the circuit court sought disposition of funds paid to him pursuant to proceedings by the city of Birmingham for condemnation of lands.

The suit was first instituted in the probate court. From the decree of that court, Mrs. Morris, appellant here, appealed to the circuit court, and the verdict of the jury assessed the damages to which defendants were entitled, "in proportion to their respective interests for the taking by the city of Birmingham under its application for the lands therein described, at $2,250." The amount of this judgment was paid to the clerk of the circuit court; hence the interpleader. The defendants named in that bill propounded their respective claims in substantial compliance with the statute. Cloud v. Dean, 212 Ala. 305, 102 So. 437.

Mrs. McGlathery was the original owner of the land in question since the date of the Horton deed in 1896, and remained in possession thereof as a homestead until the house was destroyed by fire in 1913. The house and lot were assessed as one tract of land for her by her agent for the year 1913. In a pending suit there was judgment nil dicit in favor of J. B. and Mary J. Gorman against Mrs. McGlathery and husband; certificate thereof being recorded March 20, 1913. Two days thereafter a mortgage was executed by the McGlatherys to C. P. Beddow for $3,000, to provide funds to pay taxes for the previous year and a former mortgage, and on April 22d the dwelling was destroyed by fire. The proceeds from the insurance were collected by or paid to said mortgagee, Beddow, leaving a small balance of accrued interest still unpaid. Such was the status of the property for the year 1913, in which the taxes were duly assessed, accrued, and unpaid, and which resulted in a tax sale of the property.

The chronological history of the property, given by one of counsel, and sustained by the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

record, for the year 1914, is as follows: On April 9th the tax collector for Jefferson county filed his delinquent docket with the probate judge of the county, showing delinquency in payment of taxes for the year 1913 on said property assessed to Mrs. D. R. McGlathery; notice issued and was served (Exhibit A) on her; date of hearing was fixed for May 11th; and on that date there was a due decree for the sale of said land for taxes made and entered by the probate judge. The property was sold June 18th for the taxes, and the state of Alabama became the purchaser, as shown by the certificate of Judge Styles, the probate judge (Exhibit F).

Thereafter, on May 27, 1914, a credit of $335.98 was entered on the Gorman judgment by attorney for the Gormans on the judgment record of the same against the McGlatherys. On September 8th execution, and September 25th levy, was sought to be enforced by the Gormans against the McGlatherys' said lot. The McGlatherys filed a claim for exemption as homestead, which was disallowed by the court, and the lot was condemned and ordered sold for the satisfaction of the Gorman judgment.

The pleading as exhibited fails to disclose during the year 1915, activity as to said lot or proceedings affecting its title.

In the year 1916 W. A. Robertson made application to purchase said lot to the state auditor, and it is shown that that official gave notice, dated June 27th, to Mrs. D. R. McGlathery, of the fact of that application, and that the same would be sold if not redeemed within 60 days, under the provisions of section 2324 of the Code of 1907. Exhibit B to the deposition of Eula R. Morris, the appellant, shows that she made application, through her attorney, to the state auditor, to purchase said lot under the provisions of said statute, and that reply was made thereto, informing her that her application was the "second application on file"—the former application being that of Robertson, of which notice had been given by the auditor to the owner. The record further shows that on October 12, 1916, the state auditor's deed to said lot, reciting the facts in the premises, the decree of sale of May 11, 1914, etc., was made to the International Securities Corporation for the consideration of $182.08, which conveyance was duly authenticated, acknowledged, and recorded on October 17, 1916, as being in accordance with the provisions of chapter 45, art. 13, of the Code of 1907. A reconveyance of the lot, on October 14, 1916, by the International Securities Corporation to Eula R. Morris, duly acknowledged and recorded October 25, 1916, recited the consideration of $182 and other valuable consideration. This conveyance by that corporation was executed in its corporate name by J. F. B. Baugh, its vice president, countersigned by W. A. Robertson, its secretary and treasurer.

The history of the lot for 1917 is not shown. That for 1918 was: The institution by the city of condemnation proceedings in the probate court; appeal to the circuit court, where the judgment for $2,250 was rendered on March 11, 1919, and which amount was paid by the city to Waldrop, as clerk of the circuit court; the filing of the bill of interpleader by the clerk; and the payment of said funds to the register, June 25, 1919. The original parties defendant therein are C. P. Beddow (the mortgagee), Mrs. D. R. McGlathery (the original owner), Eula R. Morris (purchaser by mesne conveyance from tax sale by the state of Alabama), J. B. Gorman and Mary J. Gorman, the judgment creditors of the McGlatherys.

The appeal is taken from that decree, and was perfected in this court pursuant to statute by all the interested parties. L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900.

The appellant Morris bases her claim upon her deeds through the International Securities Corporation (Robertson), the state auditor, and tax sales pursuant to the statute as against the owner, Mrs. McGlathery. Mrs. Beddow, as executrix of C. P. Beddow, bases her claim upon an alleged balance due on the $3,000 mortgage, given by Mrs. McGlathery and husband before the tax sale and after record of certificate of judgment by the Gormans. The claim of Mrs. McGlathery rests upon the fact that the funds were the proceeds of the condemnation of her property by the city of Birmingham.

No insistence of error is made in this court by Mrs. Beddow, as executrix, and she is eliminated.

The controversy here is as to (1) the priority of Mrs. Morris' claim and the amount thereof; (2) the rights of Mrs. McGlathery, as owner, to a part of the funds; and (3) the rights of the Gormans as judgment creditors.

[1, 2] We have examined the record, and hold that the debt, the foundation of the Gorman judgment, was that of the wife and the husband, and that she was liable to its payment under the authorities (Smith v. Rothschild & Co., 212 Ala. 276, 102 So. 206; Lester v. Jacobs, 212 Ala. 614, 103 So. 682), and was not suretyship in contravention of the statute (section 4497 of the Code of 1907). The copy of the proceedings in the circuit court showing judgment dated March 18, its record in the probate office March 20, 1913, the issue of execution thereon September 8, 1914, levy on said lot September 25, 1914, under the Gorman judgment, interposition of the claim for homestead by Mrs. McGlathery December 7, 1914, contest thereof and judgment thereon disallowing it May 20, 1918, and ordering the lot sold for the satis-

faction of the Gorman judgment, Mrs. McGlathery, not having redeemed from the state as required by law, nor paid said taxes for herself or through another, cannot claim a part of the funds as owner. Williams v. Oates, 212 Ala. 396, 102 So. 712. The judgment as to the homestead exemption disallowing her claim disposes of that controversy in law, and as she admits in her testimony.

Then, is Mrs. Morris entitled to the whole fund? If her tax title is invalid, as the assignee (Gen. Acts 1915, p. 471, § 228) of the rights of the state in the premises, she is entitled to all taxes, fees, and costs entering into the alleged sale, subsequent taxes paid by her, and interest thereon pursuant to statute, in which event the Gormans, as judgment creditors of the McGlatherys, would be entitled to the balance of the fund held in the registry of the court.

Mrs. McGlathery's title (and possession thereunder) began in the conveyance from Horton and wife November 23, 1896, wherein the premises are thus described:

"Lot No. one (1), in block No. five (5), according to the map of O. W. Wood Sr.'s addition to Woodlawn, Alabama, as recorded in the office of the judge of probate of Jefferson county, Alabama, in map book No. 3, page 22, said lot fronting fifty (50) feet on the north side of East Lake Dummy line and extends back of uniform width and parallel to Church street one hundred and fifty (150) feet to an alley. Situated in Jefferson county, Alabama."

[3, 4] These premises were occupied as a homestead, as one lot, assessed for taxes as one lot by the owner, her homestead; and occupied by her and family as one lot to the time of the destruction of her dwelling by fire in 1913—lot 1, in block 5 of O. W. Wood, Sr.'s, survey, fronting 50 feet on the East Lake Dummy line and extending back to an alley. The discrepancy of 12 feet in depth of the lot did not vitiate the assessment of that lot for taxes. The quitclaim deed from the Woods et al., in 1903, to a strip along the front of the residence and the street car line, no doubt to clear up some claim of title or disputed lines as to the 12-foot strip as it affected her dwelling, as indicated by the map in evidence from the abstract company, for the purpose of assessment of the homestead lot for taxation, did not show that the assessment so made was void as to this whole lot. The effect of parol evidence, offered in the nature of explanation of the description in the assessment, or applying it to its intended objects, was within the rule. The assessment roll itself furnishes the "unmistakable clue" for the application of evidence of how the whole property and lot was used when assessed as one tract —the homestead of the McGlatherys. Anniston City Land Co. v. State, 185 Ala. 482, 64 So. 110; Milbra v. Sloss-Sheffield S. & I. Co., 182 Ala. 622, 62 So. 176, 46 L. R. A. (N. S.) 274; Ex parte Helm, 209 Ala. 1, 95 So. 546; Lodge v. Wilkerson, 174 Ala. 133, 56 So. 994; Jones, Adm'r, v. Pelham, 84 Ala. 208, 4 So. 22; Code 1907, § 2113.

[5] As to the effect of assessments made by state officials, see State v. Realty Loan Co., 209 Ala. 559, 96 So. 613; State ex rel. Ala. F. & I. Co. v. Templin, 208 Ala. 651, 95 So. 149; State v. Doster-Northington Drug Co., 196 Ala. 447, 71 So. 427. And the prima facie effect of recitals in the decree of sale was considered in Ex parte Griffith, 209 Ala. 158, 95 So. 551, and in Gunter v. Townsend, 202 Ala. 160, 79 So. 644. These recitals in several exhibits, as the assessment, report of the tax collector of the failure to collect and that of delinquency, the decree of sale predicated thereon, after due notice to the owner by publication, the evidence of service of notice made on the owner, of sale of all property of delinquents, in compliance with the statute, duly ordered and posted (including the lot of Mrs. McGlathery, on which her home stood when listed by her for taxes), the report of sale and the purchase of the property by the state, and resale after the period for redemption had expired, were sufficient to vest title in such purchaser, Mrs. Eula R. Morris.

[6] There was no irregularity in the reports by the tax collector, notice of sale, etc., that of the judge of probate, and the conduct of the sale by and in the presence of said officials or their deputies in attendance on the sale. Code 1907, § 2281; Gen. Acts 1915, p. 464, §§ 204, 205. The affairs of a great county cannot be effectively conducted otherwise than shown by the evidence to have been done as to this sale on the part of the tax collector and the judge of probate, and their respective duly accredited and authorized deputies for the discharge of the duties in the premises.

[7-9] The certificate of judgment of the Gormans is challenged as insufficient to give the statutory lien, in its failure to give the amount of the costs. The certificate bears its own infirmity, stating that the "costs of said suit cannot be ascertained at this time." The statute (section 4156 of the Code of 1907) required the certificate to show: (1) The style of the court rendering the same; (2) the amount and date thereof; (3) the amount of costs; (4) the names of all parties thereto; and (5) the names of plaintiff's or complainant's attorneys. This was required as a condition precedent to the lien provided for in section 4157 of the Code of 1907. No execution had issued on the judgment as such until more than a year had expired from the date of its rendition. There was then no execution lien. The lien of a recorded judgment is distinct from that resulting from execution. Johnston v. Bates, 209 Ala. 16, 95 So. 375. The statute,

being in derogation of the common law, must be strictly pursued by him who desires its protection.

[10] The strict construction given said statute is illustrated in Ladd v. Smith, 209 Ala. 114, 95 So. 280, where the certificate described the plaintiffs as "Frank M. Ladd et al.," and was held insufficient to create the lien; and, on authority of Duncan v. Ashcraft, 121 Ala. 552, 25 So. 735 (failing to show the name of the owner), declaring for strict construction, it was held in Conn v. Sellers, 198 Ala. 606, 73 So. 961, that the description in judgment of plaintiff as "J. Pollock & Co." was insufficient. In the instant certificate, as in the foregoing cases, the certificate of judgment showed material defect, lack of compliance with the statute. It was an unwarranted deletion of the statute which prevented the lien attaching. The Legislature declared the required material facts to be carried into the certificate and to be shown by it on file or of record in the probate court, necessary to the creation of such lien on property of defendants in judgment. This is required by the plain letter of the law. When there is strict adherence to, and due compliance with, the statute, it becomes an instrumentality creating and preserving a lien on all the property of the defendant in the county where filed, provided said property be subject to levy and sale under execution, and not otherwise. Manchuria Steamship Co. v. Donald & Co., 200 Ala. 638, 77 So. 12.

[11, 12] Aside from the failure of the certificate filed in the probate office, as noted above, if the Gormans had perfected their lien by a due certificate and registration, they had failed to pay the taxes in default or redeem the lands from the state as purchasers at the tax sale, and this failure continued until after the expiration of the time for redemption. This failure, abandoment, or laches is another reason why they do not participate in the fund in question. The particular requirements of a tax title in the sale and by mesne conveyance to Mrs. Morris are shown. That is to say, the evidence establishes the due assessment against the owner being known, the nonpayment of taxes, the collector's report of such fact, and his inability to collect the same without a sale of the lands. Code 1907, § 2268; Gen. Acts 1915, § 192, p. 459; Loper v. Gates Lbr. Co., 210 Ala. 512, 98 So. 722; Pollak v. Milam, 190 Ala. 569, 67 So. 381; Drennen v. White, 191 Ala. 274, 68 So. 41; Gunter v. Townsend, 202 Ala. 160, 79 So. 644; Goodwin v. Georgia L. & T. Co., 202 Ala. 655, 81 So. 611. The tax collector made up and filed his docket of delinquent taxpayers in conformity to law and in the prescribed form. Code 1907, §§ 2268–2270; Gen. Acts 1915, § 193, p. 460 et seq. The probate judge duly issued citation to Mrs. McGlathery, and it was served up-

on her. Code 1907, §§ 2271, 2272, 2183; Gen. Acts 1915, § 195, p. 460 et seq.; Gunter v. Townsend, 202 Ala. 160, 79 So. 644. The decree was pursuant to statute. Every jurisdictional fact for the decree is shown. The sale pursuant thereto followed after due notice, and was conducted according to the statute, and the state of Alabama became the purchaser. Code 1907, §§ 2278, 2279; Gen. Acts 1915, § 192 et seq., p. 459.

The redemption was forfeited by nonaction on the part of all who were permitted by law to redeem under the rules provided by statute. Code 1907, § 2328; Gen. Acts 1915, § 241, p. 475.

The positive evidence of Mrs. Morris shows that she went into possession and assumed dominion of the lot after her purchase, sold the brick and other materials therefrom, paid subsequent taxes, and posted a trespass sign thereon, and repaired or constructed a fence about the vacant lot. Thus is shown her exercise of such acts of ownership over the vacant lot as the time and circumstances permitted as to the subject-matter. The record is silent as to the exercise of any acts of ownership by another person.

[13] There was no error in admitting in evidence, on the trial of this issue involving the sale of real estate for taxes, the books or records of the offices of tax collector and judge of probate, or certified copies therefrom, required by law to be kept; the same being declared to be prima facie evidence of the therein stated facts. Code 1907, § 2310; Gen. Acts 1915, § 238, p. 474; Loper v. Gates Lbr. Co., 210 Ala. 512, 98 So. 722.

It is but natural the child should wish to redeem the lot on which the home stood to the time of its destruction by fire. The knowledge of the attempt to purchase from the state by the International Securities Corporation was given the owner by the state auditor, pursuant to law. This may have quickened the daughter to action to the same end; hence her inquiry through counsel of the state's agents or officers as to the status or application for purchase. The fact that she did this through her counsel, without more, imputed no wrongdoing or improper motive on her part. It was all within the law. We have carefully considered the pleadings and evidence, and find no conspiracy on her part to defeat the judgment creditors. They were at such time without the lien of an execution or that of a duly registered judgment. They had likewise been negligent, as was Mrs. McGlathery, in the payment of accrued taxes, the failure to redeem from the state, and the failure to make timely application to purchase from the state.

[14] Mrs. Morris is shown to have been in no wise connected with or participating in

the fraud perpetrated by her parents on the Gormans. If she assumes the obligation of payment of their said judgment, it must be voluntary. The state was the purchaser at the sale, and after expiration of the time for redemption was the owner of the property, and as such sold to the Securities Corporation after notice to the owner. Gen. Acts 1915, § 253, p. 480. Its grantee had the absolute right within the law (Alabama Pub. Ser. Com. v. Mobile Gas. Co. [Ala. Sup.] 104 So. 538 [1]) to sell to Mrs. Morris. No provision of the General Acts of 1915, § 240, p. 475 (Georgia L. & T. Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794), required her to surrender the right or title she so acquired to the Gormans. The case of Winter v. City Council of Montgomery, 101 Ala. 649, 14 So. 659, has no application here. The evidence fails to show that Mrs. Morris' purchase was for the benefit of the mother, or that there was a conspiracy to so purchase and defraud the Gormans.

[15] The lower court was correct in the provision for the costs of the bill of interpleader in that court to be paid out of the fund the subject of the suit.

The decree of the circuit court, in equity, is reversed, and one here rendered in favor of Mrs. Morris for the whole of said fund interpleaded, less the costs of the interpleader.

The costs of this appeal are taxed one-half against the Gormans and one-half against Mrs. McGlathery.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.