200 So. 415

**GRIFFIN LUMBER CO. v. NEILL et al.**

6 Div. 756.

Supreme Court of Alabama.

Jan. 16, 1941.

Rehearing Denied Feb. 27, 1941.

McEniry & McEniry, of Bessemer, for appellant.

Leader, Hill & Tenenbaum, of Birmingham, for appellees.

BOULDIN, Justice.

Griffin Lumber Company, Inc., filed a statutory bill to quiet title to lands—a certain lot in the City of Birmingham. Code 1923, § 9905.

Sara Owen Neill, respondent, by answer, asserted her title to the property by virtue of a mortgage executed to her by the owner, W. F. Pilcher, in 1928, foreclosed in 1937, and purchased by said mortgagee, thereunto authorized by the terms of the mortgage. By further pleadings respondent's answer was made a cross-bill, praying that the several conveyances under which complainant claimed title be declared void, and the title quieted in her. This relief was granted by final decree on pleadings and proof. Complainant appeals.

Complainant deraigns title, if any, under several deeds subsequent to the execution and recordation of respondent's mortgage. In 1931, complainant purchased the property at a register's sale under a decree in equity enforcing a materialman's lien on this property in favor of complainant and received the register's deed conveying such right, title and interest as was owned by W. F. Pilcher, the sole respondent in that suit. Thus acquiring the equity of redemption of the mortgagor, complainant took possession of the property, with the partially completed building thereon. While receiving no income from the property, complainant has continued in possession through a caretaker to the date of the trial.

In 1933, complainant redeemed the property from tax sale made in 1931, and purchased by the State; has paid the taxes since.

In 1937, prior to the foreclosure of respondent's mortgage, complainant purchased the property from the City of Birmingham and received deeds of conveyance to such title as the city had acquired therein. The City's title was acquired on this wise:

In 1929 and 1930, local assessments against this property were made pursuant to improvement ordinances for street improvements and sewers. Sara Owen Neill was named as the owner of the property on the assessment rolls. In 1932 the property was sold for non-payment of these assessments, purchased by the City, and deeds made accordingly. It will be noted that the time for redemption of this property from the City had expired, save for additional time allowed a mortgagee under conditions specified in § 3109, Code of 1923. See Code, § 2143, and § 2220 as amended by Gen. Acts 1927, p. 771; Bracely v. Noble, 201 Ala. 74, 77 So. 368.

Appellant insists that great injustice results from a decree denying to complainant any right, interest or title in this property, and quieting title in respondent, cross-complainant, despite all the outlays of complainant above noted.

The views of the trial Judge are well expressed in the following excerpt from his opinion incorporated in the final decree:

"The court is of the opinion that the complainant, with the right to possession, had the duty of paying the municipal assessments against the property as well as the taxes. The question is therefore presented as to whether the purchaser of the equity of redemption can defeat the lien of the mortgage by the acquisition of the title of the City of Birmingham, when such title in the City was created by the default in duty of payment of municipal assessments by the purchaser. There is a conflict of authority upon this question but the weight of authority denies the right and holds that the acquisition of such title is but the payment of the tax or assessment, or a redemption from the sale so far as the mortgagee is concerned, and that the mortgagor or his grantee cannot set up such title against the prior mortgage."

This is a correct statement of the law applicable to tax sales resulting from failure of the mortgagor in possession, or his successor in possession and ownership, to pay the state and county taxes on the property. He has a legal duty to pay such taxes. He is personally indebted to the state and county therefor. The rule is based on the principle that one cannot acquire a title through his own default to the prejudice of the mortgagee. The latter has a right to depend upon the mortgagor, or one standing in his position, to pay the taxes. One cannot take advantage of his own breach of duty. Winter v. City Council of Montgomery, 101 Ala. 649, 14 So. 659; Jones on Mortgages, 8th Ed., § 841; Burroughs on Taxation, § 123; 26 R.C.L. p. 412.

But local assessments by a city for public improvements, under our law, are

liens against the property only. They are betterment taxes, limited to the special benefits arising from the improvements. They are not personal obligations of the owner, either mortgagor or mortgagee. Each of them has a right to pay the assessment for the protection of his property interest, but neither is under any legal obligation to pay the assessment for the protection of the other, unless by contract stipulation. City of Decatur et al. v. Southern Railway Company, 187 Ala. 364, 65 So. 536; Dothan Nat. Bank v. Hollis, 212 Ala. 628, 103 So, 589; Bellenger et al. v. Moragne et al., 225 Ala. 227, 142 So. 657; Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87.

The liens in favor of the city are superior to all other liens, except liens of the state and county for taxes. They attach to the full title, that of the mortgagee and mortgagor. Valid assessments followed by valid sales in their enforcement pass to the city all the title of mortgagor and mortgagee, subject to the rights of redemption provided by law. Code, §§ 2199, 2220, as amended by Gen. Acts 1927, pp. 766, 771; United States Bond & Mortgage Co. v. City of Birmingham, 229 Ala. 536, 158 So. 751; Morris v. Waldrop, 213 Ala. 435, 105 So. 172.

After the expiration of the time for redemption the city has a good and complete title. Under general principles of law, he who has a good title may pass a good title.

Granting the city acquired a good title against the mortgagee, the only ground on which the title of complainant can be questioned is some breach of duty toward the mortgagee rendering it inequitable for him to acquire the title of the city as against the mortgagee. A species of estoppel arises in the latter event. No such estoppel arises for non-payment of these assessments, for the reason that he owed no duty to the mortgagee to pay them. We conclude he had the same right to purchase from the city as any other person. Winsett et al. v. Winsett,

203 Ala. 373, 83 So. 117; Morris v. Waldrop, supra.

We do not overlook the fact that the mortgagor, Pilcher, convenanted with the mortgagee to pay assessments as well as taxes for the protection of the mortgagee; and further stipulated that on default, the mortgagee could pay and such outlay become a part of the mortgage debt. Such covenant had the effect to burden the mortgagor's equity of redemption with these assessments, and upon payment by the mortgagee, constitute same a part of the mortgage debt. She did not pay same. Complainant took the equity of redemption so burdened, but he was not the covenantor, had no contractual relations with the mortgagee, and was under no personal obligation to pay these assessments.

We are of opinion complainant stood in no such relation to the mortgagee as to disqualify him to purchase the city's title. He took that title as any other purchaser from the city would have done.

The respondent, by her cross-bill, alleged in the alternative that she is still entitled to redeem from complainant under Code, § 3109, and prayed such relief. The court below has not passed upon this phase of the case. On proof of the conditions giving a mortgagee further time to redeem, she is or would be entitled to such relief. Alabama Mineral Land Co. v. McFry, 236 Ala. 632, 184 So. 192; Hester et al. v. First Nat. Bank of Russellville, 237 Ala. 307, 186 So. 717; Farmer v. Hill, Executors, ante, p. 416, 199 So. 820.

But on his own finding of facts the decree should have declared the title in complainant, and that the right and title of respondent consists only in the right of redemption under section 3109, as though the property was still held by the city, if it be found that no written notice of the purchases by the city at such sales was given the mortgagee as required by above statute.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.