10 So.2d 760

### MESSER v. CITY OF BIRMINGHAM.
6 Div. 955.

Supreme Court of Alabama.
Nov. 5, 1942.

Rehearing Denied Dec. 17, 1942.

521

Hugh A. Locke, of Birmingham, for appellant.

John S. Foster and Thos. E. Huey, Jr., both of Birmingham, for appellee.

LIVINGSTON, Justice.

The appeal is from a decree overruling demurrers to appellee's cross-bill.

Appellant, complainant and cross-respondent in the court below, filed her bill against appellee, the City of Birmingham, a municipal corporation, seeking to redeem lots 4 and 5, block 2, according to the map and survey of Wooddale, from the sale of said lots to appellee to satisfy certain public improvement assessments.

■ The facts alleged in the cross-bill, and admitted by the demurrer for the purpose of testing their legal sufficiency, are, in substance, as follows:

On September 11, 1936, lot 4 was sold for the satisfaction of state and county ad valorem taxes, due for the year 1935, and purchased by the State of Alabama.

On December 8, 1937, lot 4 was sold to satisfy certain public improvement assessments and purchased by appellee and has not been redeemed. On January 15, 1940, the parties who would have been the owners of lot 4 but for the above-mentioned sales, executed and delivered to appellee a warranty deed to lot 4. On June 6, 1940, the land commissioner of Alabama executed and delivered to appellant a deed conveying all of the right and title in and to lot 4 which the State of Alabama acquired by virtue of the tax sale of September 11, 1936. Appellant received a letter, bearing date of July 13, 1940, from the Probate Judge of Jefferson County, Alabama (the County in which lot 4 is located), written in pursuance of § 562 et seq., Title 37, Code 1940, warning her to redeem.

On March 23, 1934, lot 5 was sold to satisfy certain public improvement assessments and purchased by appellee and has not been redeemed. On November 13, 1934, lot 5 was sold for the satisfaction of state and county ad valorem taxes and purchased by the State of Alabama.

On April 10, 1940, the land commissioner of Alabama executed and delivered to appellant a deed conveying all of the right and title in and to lot 5 which the State of Alabama acquired by virtue of the tax sale of November 13, 1934. On June 28, 1940, Mrs. Lottie G. Caudle, a single woman, the person who would have been the owner of lot 5 but for the above-mentioned sales, executed and delivered to appellant a warranty deed to lot 5.

The tax collector of Jefferson County, where lots 4 and 5 are located, did not at any time prior to the rendition of the decrees for the sale of lots 4 and 5 for the satisfaction of state and county ad valorem taxes, report to the Probate Court that he, said tax collector, was unable to collect the taxes assessed against said lots, or from the owners thereof, without a sale of such land.

On September 5, 1940, appellant, through the solicitations of her husband and agent, received from the public improvement department of appellee, a statement of the original cost or investment of appellee in improving lots 4 and 5 and of the interest and other costs of appellee in carrying such original investment and in obtaining title to said lots, and on that day tendered the amount stated in the statement to the city comptroller for the purchase of appellee's interest in said lots, and which tender or offer was, by the comptroller, refused.

On September 6, 1940, the building inspector of appellee issued a permit granting to appellant permission to convert a frame building into a residence and move the same from 43d Avenue and Woodland Road to lot 5. The building was removed to lot 5, and between September 6, 1940, and the filing of the bill of complaint in this cause, appellant and her husband moved into said building and occupied it as a home and were so occupying it, and were in the actual possession of lots 4 and 5 when the bill was filed, and had planted shrubbery and made other improvements thereon.

No person or body, other than the city commission of appellee has authority to bind appellee for the sale of any lands sold to appellee for the satisfaction of any improvement assessment lien in respect of which the statutory right of redemption has expired, or to finally fix a sale price therefor.

The cross-bill admits that whenever any parcel of land has been sold to appellee for the satisfaction of any assessment lien thereon, and the statutory right to redeem same has expired, and appellee does not desire to retain such parcel for its own uses, it is the common custom and practice of appellee to endeavor to sell said parcel to its former owner, or to some person who had derived some substantial interest in said parcel from its former owner by devise, inheritance or voluntary conveyance, at a price equal to the original cost or investment of appellee in improving such parcel and of the interest and other costs of appellee in carrying such investment and in obtaining title thereto, before endeavoring to sell such parcel to one

not so formerly related thereto. Appellee denies any custom or practice more unrestricted than hereinabove admitted, and denies any discrimination against complainant.

Appellee, in its cross-bill, denies that appellant owns any right, title or interest in or to lots 4 and 5, but alleges facts on which it predicates its alternative prayer for condemnation of any right, title or interest which the court may adjudge is owned by appellant in said lots. For the reasons stated below we do not consider that phase of the cross-bill.

Appellee prays that upon a final hearing a decree be made and entered that appellee, cross-complainant, is the owner of lots 4 and 5 and is entitled to the possession thereof, and that appellant, cross-respondent, her agents, servants, employees and tenants be enjoined from remaining, entering or being upon or in possession of said lots 4 and 5, and from interfering with appellee, its servants, agents, employees or contractors, in entering, remaining or being upon, or in possession of said lots, and for general relief, appellee offers to pay appellant all sums due her on account of the payment of state and county ad valorem taxes, and further offers to do equity.

Section 249, Title 51, Code 1940, Acts 1935, p. 256, provides that "the probate court of each county is empowered to order the sale of lands therein for the payment of taxes assessed on such lands, or against the owners thereof, when the tax collector shall report to the court that he was unable to collect the taxes assessed against such land, * * * or the owner thereof, without a sale of such land."

▮ This court has repeatedly held that the authority of the Probate Court is purely statutory, and cannot arise at all except upon the collector's report that a sale of the land is necessary for the collection of the taxes. By the plain language of the statute this report of the collector is made the essential prerequisite of jurisdiction, and an order of sale without it is a mere nullity. Lodge v. Wilkerson et al., 174 Ala. 133, 56 So. 994; Craig v. Swader, 225 Ala. 366, 143 So. 553; Boyce v. Morrow, 226 Ala. 627, 148 So. 326.

Therefore, under the allegations of the cross-bill, the tax sales of both lots 4 and 5 were invalid.

▮ Liens for local public improvement assessments in favor of the city are superior to all other liens, except liens of state and county for taxes, and attach to the full title. Valid assessments followed by valid sales in their enforcement pass to the city all of the title subject to the right of redemption provided by law. Code §§ 2199-2220, as amended by Gen.Acts, 1927, pp. 766-771, §§ 538-561, Title 37, Code 1940. United States Bond & Mortgage Co. v. City of Birmingham, 229 Ala. 536, 158 So. 751; Morris v. Waldrop, 213 Ala. 435, 105 So. 172; Griffin Lbr. Co. v. Neill et al., 240 Ala. 573, 200 So. 415, 134 A.L.R. 286.

▮ After the expiration of the time for redemption, the city has a good and complete title. Griffin Lbr. Co. v. Neill, supra. The deed of Mrs. Caudle purporting to convey lot 5 to appellant was executed and delivered more than six years after the sale of lot 5 to appellee in the enforcement of the public improvement assessment lien against the lot, and at a time when Mrs. Caudle had neither title nor the right to redeem. § 562 et seq., Title 37, Code 1940. Griffin Lbr. Co. v. Neill, supra.

▮ The right to redeem from public improvement assessment sales is provided for by § 562 et seq., Title 37, Code 1940, and only those designated by the statute may exercise the right.

▮ As stated above, the tax sales of both lots 4 and 5 were invalid and all that the appellant acquired from the state under the deeds of its land commissioner, is a right to be reimbursed by one who has a right to redeem from such sales, for such amounts as the law allows under §§ 283 and 290, Title 51, Code 1940; Hester v. First National Bank of Russellville, 237 Ala. 307, 186 So. 717. Clearly, § 562 et seq., supra, does not include one having only such right of reimbursement. The purpose of § 563 et seq., Title 37, Code 1940, is to extend the time for redemption to those designated in § 562, supra, and not to create a right in others not so designated.

Appellant has no right to redeem lot 4 or lot 5, nor has she the right to compel appellee to sell said lots to her.

▮ Appellant next insists that appellee is estopped to deny her title to lots 4 and 5 because she is in possession under the permit issued by appellee's building inspector. The permit in question created, at most, a license and not an easement. An easement must be created by deed or

prescription, and is a permanent interest in the realty, while a license is a personal privilege to do some act or a series of acts upon the land of another without possessing any estate therein, and is generally revocable at the will of the owner of the land in which it is to be enjoyed. Hicks Bros. v. Swift Creek Mill Co., 133 Ala. 411, 31 So. 947, 57 L.R.A. 720, 91 Am.St. Rep. 38.

The right of a licensor to revoke a license given by him is fully recognized by our court. The fact that one of the parties to such an agreement has acted on the faith of its validity does not raise up an estoppel against the other party to deny that it is binding on him. A mere breach of promise cannot constitute an estoppel en pais. Hicks Bros. v. Swift Creek Mill Co., supra, and cases there cited.

It has been held that even though the license is revocable, the licensee is entitled, on revocation, to reasonable notice and opportunity to remove the improvements erected by him on the licensor's premises if they are removable. 33 Am. Jur. 412, § 107.

Under the facts of this particular case, we are of the opinion, and hold, that appellant should have a reasonable time within which to remove any improvements placed by her on lots 4 and 5.

There was no error in overruling demurrers to the cross-bill.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.