147 So.2d 791

**Joseph M. BURKE**

v.

**Susie CATON.**

**1 Div. 31.**

Supreme Court of Alabama.

Dec. 20, 1962.

Hubert P. Robertson and W. D. Reams, of Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellant.

Kilborn, Darby & Kilborn, Mobile, for appellee.

MERRILL, Justice.

Appeal from a decree quieting the title of complainant-appellee to a parcel of realty, consisting of commercial property, in the City of Mobile.

Appellee, Miss Susie Caton, filed a statutory bill to quiet title, alleging fee simple ownership and peaceable possession of the property. Appellant Burke, respondent and cross-complainant below, answered claiming title in himself by virtue of three separate deeds to the property from the City of Mobile, the said City of Mobile having acquired its title by foreclosure of municipal assessment liens. Burke also filed a cross-bill against complainant and appellees, Nations and Stanley Home Products, Inc., tenants of Susie Caton, and asked that the tenants be required to pay the rent to him by virtue of his deeds from the City of Mobile.

Appellee answered the cross-bill, showing that she and Sophie Caton purchased the property from Georgia Milstead in 1935, and Sophie Caton deeded her interest to appellee in 1945, and that she and her tenants had been in possession of the property since that time and that she was the only person who had paid taxes on the property since 1935, and from 1912 to the date of the filing of this suit, the property had never been assessed by any person other than by Susie Caton, and her predecessors in title, and that she held legal title and title by adverse possession.

There was a public improvement venture, known as White Way Venture No. 1, which was made final in September, 1928, and there was also a Paving Venture, No. 26, for the City of Mobile, which was made final in October, 1931. Appellee's predecessors in title did not pay either of these assessments. Approximately ten years later (1940), the city instituted proceedings in the circuit court in equity to have the property assessments foreclosed. Decrees of sale were entered on October 7, 1940, and pursuant thereto, deeds were executed by the register to the City of Mobile. The deeds were dated January 27, 1941. They were delivered to the city and kept in the city tax office, but they were never recorded.

No action was ever taken by the city until appellant inspected the city tax records and requested the tax collector for the city to call appellee in November of 1951, and to write her a letter in December of 1953. Finally, appellant paid the City of Mobile $2,843 (the amount owed under the assessments) and the city gave him deeds to the property in June, 1960. After he recorded his deeds, the present suit to quiet title was filed by appellee. The trial court quieted title in appellee.

The evidence is clear that appellee knew of the assessments against the property when they were made, protested them, and was also present at the register's sale when the property was sold to the city in 1941.

Since appellant Burke, as the grantee of the City of Mobile, "stood in the shoes" of the city, he succeeded to the rights

and liabilities of the city. For that reason, we devote most of our discussion in this opinion to the rights and defenses which applied as between the appellee and the City of Mobile.

Appellant argues that the sale having been through foreclosure of the lien in equity court in 1941, Tit. 37, § 542, Code 1940, and the six year period of redemption having expired, Tit. 37, § 563, the City of Mobile had good title to the property after 1946. Messer v. City of Birmingham, 243 Ala. 520, 10 So.2d 760; Griffin Lumber Co. v. Neill, 240 Ala. 573, 200 So. 415, 134 A.L.R. 286.

Appellee admits that under the two cases just cited, the City of Mobile acquired title to the property. This eliminates appellee's claim of adverse possession because there is no limitation of time within which municipal corporations may bring actions for the recovery of lands belonging to them. Tit. 7, § 17, Code 1940.

But appellee does contend that the City of Mobile is estopped or barred by laches from asserting its title. This presents the primary question to be decided.

In Powell v. City of Birmingham, 258 Ala. 159, 61 So.2d 11, this court said:

"It is well settled that although there is no limitation of time within which a municipal corporation must sue for the recovery of lands claimed to be owned by it, the same result as a bar of the statute of limitations may be effected by the application of equitable estoppel in pais to be applied through courts of equity where the facts and circumstances, in the judgment of the court, warrants its application. (Citing authorities)."

There are many similarities between the Powell case and the instant case.

There, the city had delayed eleven years from the date of sale and fifteen years from the date of assessment before moving to enforce its lien. Here, the city delayed nineteen and one-half years from the date of sale and nearly thirty years from the date of assessment before any attempt was made to assert its title. There, the property owner had remained in possession for eleven years before any claim for rents was asserted, and he assessed and paid taxes to the city on the property all that time. Here, the property owner had possession during the nineteen and one-half years and she assessed and paid taxes all that time. There, during the eleven years, the property owner had been required to install toilets on the premises, while here, the owner was required to repair the sidewalk during the nineteen year period. There, the property owner filed a bill to quiet title against the city and this court held that even though the time had expired for redemption, and title had passed to the city, "the City of Birmingham is estopped by its inequitable conduct to assert and claim title to the property in controversy," and that complainant was entitled to have a decree quieting title in him.

We list some of the things which appellee in the instant case did during the time she remained in exclusive possession of the property, but the city claimed to hold title. She assessed and paid taxes every year; the property was actually and continually occupied by her tenants who paid rent to her; she made numerous improvements on the property for which she paid; her tenants bought city licenses for carrying on their businesses on the premises; her taxes were raised by the Board of Equalization and she paid them; she paid for building permits on the property; she used and paid for city water and repaired the sidewalk when required by the city to do so. The amount of the city's lien was $2,843 and the value of the property was estimated at $30,000.

Under the authority of Powell v. City of Birmingham, 258 Ala. 159, 61 So.2d 11, we hold that the City of Mobile was estopped to assert and claim title to the property, and that part of the decree of the lower court establishing and quieting title in appellee is affirmed.

Appellant argues that even though we reach that result, still the city had a lien for the improvement assessment and this lien was validly conveyed to appellant when he paid the amount of the lien for his deed to the property.

Title 37, § 543, Code 1940, as amended, provides in part as follows:

"* * * All liens for public improvements which cities and towns in this state now have or may hereafter acquire under the general laws of this state shall continue until they are paid or extinguished, or until the expiration of twenty years from the date of default in payment of the assessment or from the date when there was a due recognition of the indebtedness after default, after which time the enforcement of the lien shall be barred and the indebtedness conclusively presumed to have been paid. * * *"

Under this section, the liens had been effective for over eighteen years but not quite twenty. The city had not lost its lien, the appellee had never paid it and appellant had paid the amount of the lien to get his deed. This lien continues for twenty years or until it is satisfied, Tit. 37, § 543; Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34.

We are confronted with the equitable maxim, approved by our courts, that "he who seeks equity must do equity." The power of the court of equity to enforce this maxim is not conferred by statute, nor is it exercised for the purpose of enforcing any contractual rights. It is the invention of a court of chancery for regulating its own procedure, in the application of which the court, not as an inflexible rule, exercises a discretion as conceived to be in the interest of equity and justice. The rule only applies where a party is appealing to a court of equity in order to obtain some equitable relief. Butler v. Wilson, 237 Ala. 312, 186 So. 687.

Appellee sought to have her title quieted in a court of equity, even when it was shown that title had passed to the city and thence to appellant. We hold that the city was estopped to assert its title under the particular facts of this case. But we conceive it to be in the interest of equity and justice that appellee should pay the amount of the lien when she knew of the assessment and was present at the sale when the lien was foreclosed by the city in 1941.

It follows that the part of the decree denying any relief to appellant under his cross-bill must be reversed and the cause must be remanded, and the appellee ordered to pay the amount of the lien, and in the event the appellee fails to pay the amount of the lien, the trial court shall direct that the property be sold to satisfy it.

The decree of the trial court is affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.